John W. Townsend, PLAINTIFF IN ERROR, v. The Star Wagon Company, DEFENDANT IN ERROR.

1. **Promissory Notes:** NEGOTIABLE INSTRUMENTS: PLACE OF PAYMENT. Where no particular place of payment is designated in a promissory note, the holder is bound to demand payment of the maker *personally*, or at his *residence;* and the *indorser* contracts only to be answerable in default of the maker, after such demand has been made, and on notice to him of the default.

2.    ——— : ——— : ALTERATION.  Every alteration of a note by the maker, in respect to the place of payment, or any alteration of the contract of the indorser in a part which may, in any event, become material, without his approbation, discharges his liability.  *Woodworth v. Bank*, 19 Johns., 392.

3.    ——— : ——— : ———.    T. was sued as endorser of a note made by L. & S. to defendant in error.  Proof that when indorsed by T. the note was payable generally, but before the suit the words, at express office, had been inserted without the approbation of T., so that the note was, on its face, payable at the express office.  *Held.* That such alteration discharged T. as indorser.

ERROR to the district court of Saline county.  Tried below before POUND, J., sitting in the absence of WEAVER, J.

*W. H. Morris*, for plaintiff in error, cited *Mowery v. Mast*, 9 Neb., 448.  *Meridith v. Kennard*, 1 Neb., 319. *High v. Merchants Bank*, 6 Neb., 158.

*M. B. C. True*, for defendant in error, cited *Armstrong v. Freeman*, 9 Neb., 11.    *Graham v. Kibble*, 9 Neb., 182.

COBB, J.

The defense chiefly relied upon by the plaintiff in error upon the trial in the district court was, that the note sued on had been materially altered after the same had been guaranteed by him and had passed out of his possession.    Plaintiff in error was sworn as a witness on his own behalf at the trial.    He testified in substance that the firm of J. M. Townsend & Co., of which firm he was the acting member, and of which Mr. Fowler was also a member, took the note in question.    That in February, 1877, the firm was dissolved, and upon settlement he guaranteed and delivered the

note to Mr. Fowler. I quote his testimony at some length:

Q. State what you did with that note.

A. I turned it over to Fowler & Co.

Q. At that time was it in the same condition it is in now? When you turned it over to Fowler & Co.?

A. No.

Q. Well, how has it been changed?

A. This (reading from the note) express office here was not on it at that time.

Q. When was the first time you heard of it or heard of that note after you gave it to Fowler & Co.?

A. The first, I believe, I saw this note was at the probate court office.

\*   \*   \*   \*

Q. You may state whether you turned that note over and how you came to do it? To turn it over?

A. Mr. Fowler & Co. were partners in the firm of Townsend & Co. By mutual consent we dissolved and published notices of dissolution.

Q. Well, after that what did you do?

A. At the same time we dissolved I turned this note over for a share coming from me—that is, we settled up and dissolved, and I gave this note to Fowler & Co. in settlement of our business.

Q. At this time was this alteration made?

A. It was not.

\*   \*   \*

Q. Was that alteration in that note made with your knowledge?

A. No.

Q. Or with your consent?

A. No, not with my consent. I did not know that it was made then.

Q. Did they ever tell you that it was made?

A. No.

There was considerable further testimony, all tend-
ing to prove that the alteration in the note was made
by Fowler, but nothing as to the time when it was
made—whether before or after the dissolution of the
partnership of J. W. Townsend & Co.

In the case of *Brown v. Straw*, 6 Neb., 536, this
court laid down the rule in the following language:
"After an instrument is completed and delivered no
alteration can be made therein except by the consent
of the parties." This, of course, means a material
alteration, and that is material which may become
material. But as to whether the insertion of a place
of payment where none was contained in the note
when executed and delivered is such a material altera-
tion as will vitiate the note, the question was settled
in this country by the court of errors of New York in
1821 in the case of *Woodworth v. Bank of America,* 19
Johns., 392. Senator Skinner, in delivering the
opinion of the court, says: " The rule that a man is
not to be held to a contract which has been varied
without his assent is perfectly well settled; and if an
instance can occur where it ought to be applied with
peculiar strictness, it is that of a surety, in which fa-
vorable light the plaintiff in error is entitled to be
viewed. *Clason v. Morris*, 10 Johns. Rep., 538. And
in my view it is wholly immaterial whether the indor-
ser has been prejudiced by the alteration or not.
The case of *Ludlow v. Simms* in this court (2 Caine's
cases in error) confirms this position, and is not less
conformable to strict justice than to the rules of law.
It was there held by the unanimous opinion of this
court that a surety was not bound beyond the strict
terms of his contract; and although in that case the
deviation from these terms was not shown to be *inju-
rious*, but on the contrary was probably beneficial to
the surety, yet he was discharged by it."

In the case at bar the plaintiff in error was sued as an indorser of a promissory note. When he indorsed it it was by its terms payable generally. Now, then, the contract which the plaintiff in error entered into by indorsing said note was, that if the same should be duly presented for payment to the makers at maturity— either to them personally or at their residences or places of business—and the same was not paid, and he should be duly notified of such presentation and non-payment, that then he would pay the money called for by the note, together with legal costs of such demand and notification. From the pleadings and bill of exceptions it appears that after the making of such contract and the note passing out of his possession, it was without his knowledge or consent altered so that the same need not be presented for payment to the makers personally nor at their residence or place of business, but need only be presented at the express office. It further appears from the record that it was so presented—presumably at the express office—payment thereof refused, the plaintiff in error duly notified thereof, and afterwards sued, not only for the contents of the note, but also for protest fees.

I think, therefore, that the said alteration was in a matter material to the rights of the parties, and that the same released the plaintiff in error from his liability thereon as indorser, in which character he is sued in this action. The verdict is therefore unsustained by legal evidence; and as a consequence thereof it must be held that the district court erred in overruling the motion for a new trial.

The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.