W. P. NICHOLSON, PLAINTIFF IN ERROR, v. MARTIN E. BARNES, DEFENDANT IN ERROR.

Promissory Note: LIABILITY OF INDORSER. A promissory note was dated at Grand Island, Neb., made payable at ———, and had beneath the signature of the maker the words "Danebrog, Howard Co." In an action by the endorsee against the endorser, *Held*, on demurrer to the petition, that the allegations of demand at the banks at Grand Island, and that the defendant had no residence or place of business there, there being no allegations that the maker had absconded, or that inquiry had been made at Danebrog, were insufficient to charge the endorser.

ERROR to the district court for Hall county. Tried below before POST, J.

*Thummel & Platt* and *Abbott & Caldwell*, for plaintiff in error, cited Story Prom. Notes, sec. 235. *Townsend v. Star Wagon Co.*, 10 Neb., 615. *Spies v. Gilmore*, 1 Comstock, 321.

*Batty & Ragan*, for defendant in error, cited 1 Parsons Notes and Bills, 427, 567. *Smith v. Philbrick*, 10 Gray, 252. 1 Daniel Neg. Instr., 510, 567. *Brents, executor, v. Bank of Metropolis*, 1 Pet., 89. *Anderson v. Drake*, 14 John., 114. *Sussex Bank v. Baldwin*, 2 Harrison, 487. *State Bank v. Hurd*, 12 Mass., 172. *Meyer v. Hibsher*, 47 N. Y., 265. *Adams v. Sherill*, 14 How Pr., 297.

MAXWELL, CH. J.

This is an action by the endorsee against the endorser upon a promissory note, of which the following is a copy:

"GRAND ISLAND, NEB., Oct. 29, 1878.

"Nine months after date, for value received, I promise to pay to the order of A. R. Oliphant $71.25 at ———, with interest at ten per cent per annum from date until paid, together with a sum equal to ten per cent of said amount as attorneys' fee, if action is brought on this note or the mortgage given to secure the same, or if the same is not paid when due.

"$71.25. [Signed] JERRY TYRELL,
"Danebrog, Howard county."

A copy of the note is attached to and made a part the petition. It is alleged in the petition "that said note was made payable in the town or city of Grand Island, in Hall county, Nebraska, but not made payable at any particular place in said Grand Island, and that on the day and date when said note became due said plaintiff made diligent search and inquiry throughout the entire town of Grand Island for the maker

of said note, but was wholly unable to find him or learn of his whereabouts." It is also alleged that the note was presented to the several banking houses in Grand Island for payment, and payment thereof was refused, and that no part of the same has been paid, etc.

The defendant, Nicholson, demurred to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was overruled and judgment entered in favor of Barnes. Nicholson brings the cause into this court by petition in error.

In the case of *Townsend v. The Star Wagon Co.*, 10 Neb., 619, it is said: "The contract which the plaintiff in error entered into by indorsing said note was, that if the same should be duly presented for payment to the makers at maturity—either to them personally or at their residences or places of business—and the same was not paid, and he should be duly notified of such presentation and non-payment, that then he would pay the money called for by the note, together with legal costs of such demand and notification."

In this case it is alleged in the petition that the demand was made at the banks in Grand Island. Is such demand sufficient to charge the endorser? The presumption is that the maker resides at the place where a note is dated, and that he contemplated payment at that place. 3 Kent Com., 97. *Stewart v. Eden*, 2 Caines Rep., 127. *Duncan v. McCullogh*, 4 Serg. & R., 480. *Lorenz v. Scott*, 24 Wend., 358. But it is a presumption merely; and if the maker resides elsewhere within the state when the note falls due, and that place be known to the holder, demand must be made at the maker's place of residence. 3 Kent Com., 97. *Anderson v. Drake*, 14 Johnson, 114. *Galpin v. Hard*, 3 McCord, 394. The reason is the holder of a note is bound to use reasonable and proper diligence to find the maker and demand

payment, where no particular place is designated for payment.

The endorser undertakes conditionally to pay if the maker does not, and this imposes on the holder the necessity of taking the proper steps to obtain payment from the maker. The allegations in the petition that a demand was made at the banks at Grand Island and that the maker had no residence or place of business there, are not sufficient. There is no allegation that the maker had absconded, or that his residence was unknown, or of any fact to excuse an actual demand. The words "Danebrog, Howard Co.," beneath the signature, evidently were intended to indicate the residence of the maker; but there is no allegation of a demand at that place or that he had removed therefrom. But it is said that the residence being indicated beneath the signature, it is not binding on the holder to make a demand at that place. Undoubtedly this designation of the residence would not be sufficient to fix the place where alone a demand should be made; but it is a circumstance to put the holder on inquiry as to the residence of the maker. In all probability had inquiry been made at Danebrog, the maker would have been found.

It is insisted that it being alleged in the petition that the note was payable at Grand Island, that this fact is admitted by the demurrer. In answer to this objection it is sufficient to say, that the allegations of the petition must be construed together. The note which is made part of the petition, shows that no place of payment was designated, and that the allegation in the petition that Grand Island was the place, is untrue.

As there must be a new trial in this case, I desire to call attention to the allegation of the petition as to the endorsement, which is as follows: "Said plaintiff further avers that after the date of the execution and

delivery of said note, and before the same became due and payable, the said A. R. Oliphant for a valuable consideration sold, endorsed, and delivered said note to said defendant, who then and there for a valuable consideration, and before said note became due, sold, endorsed and delivered the same to said plaintiff." No copy of the endorsement is set out in the petition.

Section 129 of the code provides that "where others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties in the action, it shall be necessary to state also the kind of liability of the several parties, and the facts as they may be which fix their liability." This would seem to require a copy of the endorsement. The petition at least must show the nature of the liability of the endorser—that is, the character of the endorsement. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.