David City Building & Loan Ass'n v. Fast.

---

DAVID CITY BUILDING & LOAN ASSOCIATION, APPELLEE, V. MARTIN R. FAST ET AL., APPELLANTS.

FILED MAY 25, 1926.   No. 24000.

Mortgages:  MORTGAGES ON HOMESTEAD:  ALTERATION BY HUSBAND:   EFFECT. Defendants, husband and wife, executed and delivered to plaintiff their bond for $1,200, and secured the same by a mortgage executed and acknowledged by them on their homestead in Butler county. Thereafter, at request of the husband,

acting without authority from the wife, an additional loan of $100 was made by plaintiff to him and the bond and mortgage respectively altered from $1,200 to $1,300. *Held,* that such alterations so made were each material and fraudulent; that the bond and the debt evidenced by it were thereby canceled as to the wife; further, that such mortgage was thereby discharged as to both husband and wife.

APPEAL from the district court for Butler county: LOVEL S. HASTINGS, JUDGE. *Reversed.*

*F. H. Mizera* and *A. M. Walling,* for appellants.

*Roper & Fuller, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This is a suit brought by the plaintiff, appellee, hereinafter called the association, against the appellants, husband and wife, hereinafter called defendants, to have decree of foreclosure of a mortgage for $1,300 given to secure a bond in such association, which mortgage is claimed to have been executed by said defendants in usual form and delivered to the association on the north one-half of lot 3, block 5, Miles Second Addition to David City, Butler county, Nebraska. The petition is in ordinary form. Defendants, separately answering, meet such petition by a general denial, and further that, while the signatures of the makers are those of defendants, such instruments have each been fraudulently altered in a material part by the association since their execution and delivery, in this, that the bond has been changed from $1,200 to $1,300, as has the mortgage securing the same, and they are not the instruments executed or delivered by defendants respectively; to which a reply of general denial and plea of ratification is interposed. Trial was had to the court, and decree and order of sale entered in favor of the association, and against the defendants, as prayed. To reverse this decree, defendants separately appeal, and present as error, in substance, that

the findings and judgment of the trial court are not supported by the evidence, and are contrary to the law applicable to the facts proved. The association files a cross-appeal, and as a challenge to the judgment alleges, in substance, that in assessing the amount of fines collectable and unpaid the trial court erred wherein it found $53.30 to be due and payable as fines, when in fact it should have found $729.30.

The record reveals the following facts: The defendants Fast were at the dates covered by this transaction husband and wife, and the joint owners of the property above described, which was improved, and on which they resided as their home; that they, nor either of them, owned any other lands, town lots or houses in this state; that such half lot was and is, with the improvements thereon, their homestead, and does not exceed in value $2,000; that the plaintiff is a building and loan association duly incorporated under the laws of Nebraska for the purpose indicated by its name, and doing business in Butler county; that defendants desired to borrow of the association $1,200, and to secure the payment thereof by a mortgage to be executed by them running to such association; that on April 2, 1919, in furtherance of such wish, they went to the place of business of the association and informed its duly constituted officers in charge of such desire; that they were by them informed that in order to procure such loan they must purchase 12 shares of the stock of the association, which defendant M. R. Fast did; that the stock was issued as of that date to such M. R. Fast, the husband, and was then by him indorsed and delivered back to the association, at which time it issued in the name of M. R. Fast its pass-book representing such $1,200 loan, and showing therein credit for such amount; that these documents were left with the association, the latter requesting that defendants return the next day, April 3, 1919, when the papers necessary would be ready for them to execute; that defendants returned on April 3, 1919, and each signed the bond in question for the $1,200, and a mortgage for the same amount, and jointly acknowledged

the latter, which was also duly witnessed; that after the execution of such bond and mortgage, which were then delivered to the association, the pass-book upon which the $1,200 loan had been credited was turned over to the defendant husband and the loan of $1,200 thereafter applied in payment of the balance owing by the defendants jointly on the purchase price of, and in making improvements on, such half lot in accordance with the understanding of the parties; that for some unexplained reason the bond is dated April 3, 1919, as we have stated, but that the mortgage and the acknowledgement are each dated April 4, 1919; that on April 10, 1919, defendant M. R. Fast returned alone to the office of the association, and, in his own individual capacity, requested an additional loan of $100 of the officers in charge; that when this request was made one of the officers asked of the book-keeper if the mortgage had been filed, and, being informed that it had not, the book-keeper was directed by her superior officer to change the amount in the bond, mortgage and certificate, respectively, from $1,200 to $1,300, which she did; that the record shows that defendant Alice Fast was without knowledge of the transaction of April 10, 1919, until after the commencement of this suit; that the property had been purchased shortly before by defendants for $1,325.

The above facts as detailed are without contradiction in the evidence. The only evidence offered to show any knowledge on the part of the wife as to these alterations, or the additional loan of $100, was proof that she had individually paid to the association two monthly payments of dues, and had furnished the husband some money to aid in other payments. However, the evidence further shows that she never examined the pass-book for the purpose of seeing how many shares they were collecting on, or the amount of money that they were collecting on each share, or that she knew thereof, but simply paid what the association asked for. This would not be sufficient to put her upon guard, or to establish assent, waiver, or estoppel.

Taking up the appeal of the defendant M. R. Fast, it

will be seen that what the officers of the association were about to do was in furtherance of his request for an additional loan of $100; further, that he was present, and when the book-keeper was directed to make such alterations in such respective instruments, he lodged no objection thereto, but by his presence and lack of dissent approved the same, and thereafter with full knowledge of what had been done, he continued to recognize the bond as thus altered by receiving the $100, and by making monthly payments on the bond as altered. He thus led those dealing with him to believe that he was satisfied therewith, and consented thereto. Therefore, he is now estopped from asserting to the contrary as to such bond. The relation of the husband, defendant M. R. Fast, to the mortgage will be hereinafter considered.

Considering now the appeal of the defendant Alice Fast, such alterations in the bond and mortgage, respectively, were each material alterations, made by the association, payee in the bond and mortgagee in the mortgage, without authority and without the knowledge or consent of defendant Alice Fast, and were never by her approved, ratified or assented to in any manner. Hence, such alterations having been so made, intentionally by such association in utter disregard of her rights, she being one of the makers of the bond and mortgage so altered, such respective alterations are each inherently fraudulent whether so intended by the association at the time or not, and, in law, they thereby canceled such bond and the debt evidenced thereby as to defendant Alice Fast, and also discharged such mortgage as to her. This conclusion is in harmony with our uniform holdings. *Brown v. Straw*, 6 Neb. 536; *Townsend v. Star Wagon Co.*, 10 Neb. 615; *Walton Plow Co. v. Campbell*, 35 Neb. 173; *Foxworthy v. Colby*, 64 Neb. 216.

Our statute provides that, in order to be valid, an instrument such as the mortgage here in question must be executed and acknowledged by both husband and wife. We have held, when not so executed and acknowledged, such mortgage is void. *Kimmerly v. McMichael*, 83 Neb. 789.

626          NEBRASKA REPORTS.          [VOL. 114

Therefore, as the alterations here made canceled the debt and released the mortgage as to the wife, the mortgage no longer remained the joint mortgage of both husband and wife, and therefore it is void; and, being void, the cancelation and discharge thereof is effective as to both husband and wife.

This renders it unnecessary for us to consider the cross-appeal of the association.

The findings and judgment of the trial court are reversed and set aside, and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.

ROSE and GOOD. JJ., dissent.