## WOOD *v.* STEELE.

The alteration of the date in any commercial paper,—though the alteration *delay* the time of payment,—is a material alteration, and if made without the consent of the party sought to be charged, extinguishes his liability. The fact that it was made by one of the parties signing the paper before it had passed from his hands, does not alter the case as respects another party (a surety), who had signed previously.

ERROR to the Circuit Court for the District of Minnesota.

Mr. Justice SWAYNE delivered the opinion of the court.

The action was brought by the plaintiff in error upon a promissory note, made by Steele and Newson, bearing date October 11th, 1858, for $3720, payable to their own order

one year from date, with interest at the rate of two per cent. per month, and indorsed by them to Wood, the plaintiff.

Upon the trial it appeared that Newson applied to Allis, the agent of Wood, for a loan of money upon the note of himself and Steele. Wood assented, and Newson was to procure the note. Wood left the money with Allis to be paid over when the note was produced. The note was afterwards delivered by Newson, and the money paid to him. Steele received no part of it. At that time, it appeared on the face of the note, that "September" had been stricken out and "October 11th" substituted as the date. This was done after Steele had signed the note, and without his knowledge or consent. These circumstances were unknown to Wood and to Allis. Steele was the surety of Newson. It does not appear that there was any controversy about the facts. The argument being closed, the court instructed the jury, "that if the said alteration was made after the note was signed by the defendant, Steele, and by him delivered to the other maker, Newson, Steele was discharged from all liability on said note." The plaintiff excepted. The jury found for the defendant, and the plaintiff prosecuted this writ of error to reverse the judgment. Instructions were asked by the plaintiff's counsel, which were refused by the court. One was given with a modification. Exceptions were duly taken, but it is deemed unnecessary particularly to advert to them. The views of the court as expressed to the jury, covered the entire ground of the controversy between the parties.

The state of the case, as presented, relieves us from the necessity of considering the questions,—upon whom rested the burden of proof, the nature of the presumption arising from the alteration apparent on the face of the paper, and whether the insertion of a day in a blank left after the month, exonerates the maker who has not assented to it.

Was the instruction given correct?

It was a rule of the common law as far back as the reign of Edward III, that a rasure in a deed avoids it.* The effect of alterations in deeds was considered in *Pigot's case*,† and

---

* Brooke's Abridgment, Faits, pl. 11.             † 11 Coke, 27.

most of the authorities upon the subject down to that time were referred to. In *Master* v. *Miller*,* the subject was elaborately examined with reference to commercial paper. It was held that the established rules apply to that class of securities as well as to deeds. It is now settled, in both English and American jurisprudence, that a material alteration in any commercial paper, without the consent of the party sought to be charged, extinguishes his liability. The materiality of the alteration is to be decided by the court. The question of fact is for the jury. The alteration of the date, whether it hasten or delay the time of payment, has been uniformly held to be material. The fact in this case that the alteration was made before the note passed from the hands of Newson, cannot affect the result. He had no authority to change the date.

The grounds of the discharge in such cases are obvious. The agreement is no longer the one into which the defendant entered. Its identity is changed: another is substituted without his consent; and by a party who had no authority to consent for him. There is no longer the necessary concurrence of minds. If the instrument be under seal, he may well plead that *it is not his deed;* and if it be not under seal, that he did not so promise. In either case, the issue must necessarily be found for him. To prevent and punish such tampering, the law does not permit the plaintiff to fall back upon the contract as it was originally. In pursuance of a stern but wise policy, it annuls the instrument, as to the party sought to be wronged.

The rules, that where one of two innocent persons must suffer, he who has put it in the power of another to do the wrong, must bear the loss, and that the holder of commercial paper taken in good faith and in the ordinary course of business, is unaffected by any latent infirmities of the security, have no application in this class of cases. The defendant could no more have prevented the alteration than he could have prevented a complete fabrication; and he had as

---

* 4 Term, 320, 1 Smith's Leading Cases, 1141.

little reason to anticipate one as the other. The law regards the security, after it is altered, as an entire forgery with respect to the parties who have not consented, and so far as they are concerned, deals with it accordingly.*

The instruction was correct and the

JUDGMENT IS AFFIRMED.

---

* Goodman *v.* Eastman, 4 New Hampshire, 456; Waterman *v.* Vose, 43 Maine, 504; Outhwaite *v.* Luntley, 4 Campbell, 180; Bank of the United States *v.* Boone, 3 Yates, 391; Mitchell *v.* Ringgold, 3 Harris & Johnson, 159; Stephens *v.* Graham, 7 Sergeant & Rawle, 509; Miller *v.* Gilleland, 19 Pennsylvania State, 119; Heffner *v.* Wenrich, 32 Id 423; Stout *v.* Cloud, 5 Little, 207; Lisle *v.* Rogers, 18 B. Monroe, 529.