Brown v. Straw.

JOHN B. BROWN, PLAINTIFF IN ERROR, v. P. W. STRAW, DEFENDANT IN ERROR.

1. **Promissory Note:**   ALTERATION OF.   An alteration of a promissory note in any material part renders it invalid as against a party not consenting thereto, even in the hands of an innocent purchaser.

2. ————: ————.   After an instrument is completed and delivered, no alteration can be made therein except by consent; an alteration of the date, whether it hasten or delay the time of payment, is a material alteration, and if made without the consent of the party sought to be charged, extinguishes his liability.

3. ————: JURISDICTION OF DISTRICT COURT.   In an action between the original parties to a promissory note, the district court has ample power to correct mistakes and enforce the original contract; but the law does not permit the payee to change its terms and conditions without the assent of the maker, even if the alteration is in his favor, or to correct a mistake.

ERROR from the district court of Johnson county. Tried below before WEAVER, J.   The opinion states the case.

Brown v. Straw.

*B. F. Perkins*, for plaintiff in error, cited 1 Smith's Leading Cases, 1141. *Wood v. Steel*, 6 Wall., 89. *Low v. Merril*, 1 Pinney, 340. *Britton v. Dierker*, 46 Mo., 591. *Simpson v. Davis*, 119 Mass., 269. *Hunt v. Gray* 35 New Jersey Law, 227.

*T. Appelget*, for defendant in error.

An alteration in law is where the change made is such as to make the instrument express something different from the contract entered into between the parties. The change made in the date of the note in controversy (if there was a change) was simply a correction, making the instrument conform to the agreement entered into by the parties. Such a correction is not, in contemplation of law, an alteration. Edwards on Promissory Notes, page 151. *Duker v. Franz*, Bush, 239. *Jessup v. Denison*, 2 Disney, 150. Smith's Leading Cases (4 American edition), 820.

MAXWELL, J.

On the eleventh day of September 1874, Erastus Eames executed a promissory note for the sum of $225, payable to the order of the defendant, and due in twelve months from date. The note was dated September 13, 1874, and in that condition was signed by the plaintiff in error as surety and delivered to Eames, who delivered the note to the defendant in error. At the time Eames delivered the note to the defendant the mistake in the date was discovered, when the defendant erased " 13 " and inserted " 11 " in place thereof, thereby changing the date of the note from September 13, to September 11. This change was made without the consent of Brown. In an action on the note Brown pleaded the alteration as a defense. The defendant in error recovered judgment in the court below, to reverse which Brown brings the case into this court by petition in error.

The rule is well settled that the alteration of a note in any material part renders it wholly invalid as against a party not consenting thereto, even in the hands of an innocent purchaser. *Palmer v. Largent*, 5 Neb., 225. *Wait v. Pomeroy*, 20 Mich., 425. *Benedict v. Cowden*, 49 New York, 396. *Bruce v. Wescott*, 3 Barb., 376. An alteration, to avoid a note, must be material. It has been held that altering the date was a material alteraion. *Stevens v. Graham*, 7 S. & R., 505. *Hacker v. Jamison*, 2 W. & S., 438. *Wood v. Steele*, 6 Wall., 80. Inserting the words "or order" in a note not before negotiable. *Bruce v. Westcott*, 3 Barb., 374. *Haines v. Bennett*, 11 N. H., 181. *Pepoor v. Stagg*, 1 Nott & McCord, 102. Appointing a particular place of payment where none was stated in the note as signed. *Nazro v. Fuller*, 24 Wend., 374. *Woodworth v. Bank*, 19 Johns., 391. 1 Smith's Leading Cases, 1172.

After an instrument is completed and delivered, no alteration can be made therein except by consent of the parties. The alteration of the date, whether it hasten or delay the time of payment, is a material alteration, and if made without the consent of the party sought to be charged extinguishes his liability. If a party may, without consent, change the date for two days and bind the maker, he might change the date to such other time as he saw fit.

In an action between the original parties the court has ample power to correct mistakes and to enforce the original contract; but the law does not permit the payee of a note to change its terms and conditions without the assent of the maker, even if the alteration is in his favor, or to correct a mistake. In *Wood v. Steele*, 6 Wall., 82, the court say: "The agreement is no longer the one into which the defendant entered; its identity is changed; another is substituted without his consent." As it is clearly shown that the alteration in the date

was made after the plaintiff in error had signed the note and without his consent, he is discharged from liability thereon.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.