IN THE

# SUPREME COURT OF NEBRASKA.

## JULY TERM, 1879.

PRESENT:

Hon. SAMUEL MAXWELL, Chief Justice.
" GEORGE B. LAKE, } Judges.
" AMASA COBB,

State Savings Bank of Saint Joseph, Missouri, Plain-
tiff in Error, v. Francis Shaffer and Elias S.
Myers, Defendants in Error.

1. **Promissory Notes:** alteration. Where the payee in a
note changed it from $217.36 to $208.12 and transferred it be-
fore maturity to an innocent purchaser, *held*, that the altera-
tion vitiated the note and there could be no recovery thereon.

Note.—An alteration is an act done upon an instrument by which
its meaning or language is changed. *Oliver v. Hawley*, 5 Neb., 439.
The court should determine whether the alteration is material. It
is not a question for the jury. *Id.* *Palmer v. Largent*, 5 Neb., 223.
Where an alteration was made in the date of a note, after the maker
had signed it, and without his consent, *held*, that he was discharged
from liability thereon. *Brown v. Straw*, 6 Neb., 536.—Rep.

2. ———: ———: RECOVERY OF ORIGINAL CONSIDERATION. Where an alteration is made under an honest mistake of right, and not fraudulently and with a view to obtain ·an improper advantage, a recovery may be.had upon the original consideration of the note. And it is the duty of the court, upon payment of costs, to permit the plaintiff to amend his petition setting up the original consideration.

3. ———: ———: ASSIGNMENT. The assignment by the payee of an altered note transfers to the assignee all the rights of the assignor to the original consideration.

ERROR to the district court of Richardson county. Tried below before WEAVER, J. The facts of the case appear in the opinion.

*Clarence Gillespie* and *E. W. Thomas*, for plaintiff in error, cited 2 Parsons Notes and Bills, 570, 571. *Kountz v. Kennedy*, 63 Penn. State, 187. *Merrick v. Bowry*, 4 Ohio State, 61, and authorities cited in brief of attorney for defendant, on page 63. *Nevin v. De Grand*, 15 Mass., 436. *Brown v. Straw*, 6 Neb., 536. *Horst v. Wagner*, 43 Iowa, 373. *McRaven v. Crisler*, 53 Miss., 542. *Hervey v. Harvey*, 15 Maine, 357. *Duker v. Franz*, 7 Bush, 273. *Jessup v. Dennison*, 2 Disney, 150. *Wheat v. Arnold*, 36 Geo., 479. It is difficult to see how an alteration favorable to the defendant, without fraud or improper motive, can operate as a satisfaction of the note. It is clear it cannot operate to discharge the precedent indebtedness, and consequently even if the district court was right in ·holding that plaintiff could not recover on the note as originally made, it certainly erred in not permitting a recovery on the precedent indebtedness. *Vogle v. Ripper*, 34 Ill., 100. *Krame v. Meyer*, 32 Iowa, 566. *Matteson v. Ellsworth*, 33 Wis., 488. The application of plaintiffs to amend, so as to recover on the original consideration, under the most narrow and rigorous view of the case should have been allowed. Gen. Stat., sec. 144,

p. 546.   *Johnson v. Johnson*, 11 Mass., 359.   *Emerson v. Providence Hat Co.*, 12 Mass., 237.

*A. R. Scott*, for defendants in error, cited 2 Daniel on Negotiable Instruments, page 376.   *Hewins v. Cargill*, 67 Maine, 554.   *Wait v. Pomeroy*, 20 Mich., 428. *Fay v. Smith*, 1 Allen, 477.   *Lewis v. Schenck*, 18 New Jersey Equity, 459.   Plaintiff's remedy is against the party from whom he took the altered note for a return of the consideration given therefor.   2 Daniel Neg. Inst., 343, note 1.   To insert a new cause of action is not to amend, and cannot be made an amendment under the code.   1 Nash Pleading and Practice, 303. *Johnson v. Filkington*, 39 Wis., 62.   Bliss on Code Pleading, 429, 430.   *Commissioners of Delaware County v. Andrews*, 18 Ohio State, 49.

MAXWELL, CH. J.

The defendants are the makers of a promissory note, of which the following is a copy:

"$217.36.                    FALLS CITY, Neb., Sept. 5, 1877.

"Ninety days after date, we, or either of us, promise to pay C. L. Keim or order two hundred and seventeen $\frac{36}{100}$ dollars for value received, negotiable and payable without defalcation or discount, and interest from maturity until paid at the rate of twelve per cent per annum, and ten per cent attorney's fee if collected by suit.   Payable at the Falls City Bank, Falls City, Nebraska.

"FRANCIS SHAFFER.
"ELIAS S. MYERS."

The note was delivered to Keim, who before the maturity thereof, without the consent of the makers, changed the amount of the note from $217.36 to $208.12, and transferred the same by indorsement to the plain-

tiff, who brought an action on the note in the district court of Richardson county.    On the trial of the cause the court excluded the note as evidence and refused to permit an amendment of the petition setting up the original consideration of the note.. Judgment having been rendered in favor of the defendants, the plaintiff brings the cause into this court by petition in error.

In *Brown v. Straw*, 6 Neb., 536, this court held that the alteration of a promissory note in any material part renders it invalid as against a party not consenting thereto, even in the hands of an innocent purchaser. The reason is, that the agreement is not the one into which the defendant entered; its identity is changed and another is substituted without his consent.    And the policy of the law is to permit no tampering with written instruments.    The note, therefore, having been changed in a material part, without the consent of the makers, is void in whosesoever hands it may afterwards be placed.    The court therefore did not err in excluding the note as evidence.

Where, however, an alteration is made under an honest mistake of right, and not fraudulently and with a view to gain an improper advantage, a recovery may be had upon the original consideration of the note.

In *Merrick v. Bowry & Sons*, 4 Ohio State, 60, the supreme court of Ohio held that a recovery upon the original consideration could be had in such cases, and the reasoning of the court, after reviewing the authorities, appears to be unanswerable.    To the same effect see also *Matteson v. Ellsworth*, 33 Wis., 488.

Proof of the original consideration could only be given under an amended petition setting up such consideration.    Should the court therefore have permitted such amendment?

Section 144 ·of the code provides, that the court may, in furtherance of justice, permit an amendment

when it does not substantially change the cause of action or defense. Gen. Stat., 546. Does the proposed amendment change the cause of action? We think not. At common law, a plaintiff set up his cause of action in several counts, as for goods sold and delivered, for money had and received, on an account stated, etc., because the power of the court to grant an amendment of the pleadings was exceedingly limited. But if the plaintiff proved his cause of action under any one of the counts in his declaration, he was entitled to recover. The code has abolished the common counts so far as the statement of the cause of action in various forms is concerned, because ample authority is given to the courts to permit amendments in furtherance of justice. But will it be supposed that the legislature did not intend the code to have as broad an application in the amendment of pleadings as the plaintiff had in the statement of his case and proof at common law? No one will contend that such is the case.

As, in this case, it appears that the alteration was not made with fraudulent intent, the amendment sought, as it did not materially change the cause of action, should have been allowed. Such amendments, however, ordinarily should be made upon terms as to payment of costs, as it is the duty of the plaintiff to state his cause of action correctly in the first instance.

As to the right of the plaintiff to recover, as the assignee of Keim, there is no question. Had the note been valid, the plaintiff would have taken the entire legal title to the same, discharged of all equities between the original parties, and the assignment transferred to the plaintiff all the interest of Keim to the original consideration.

The judgment of the district court is reversed and the cause remanded, with instructions to permit an amend-

ment of the petition, setting up the original considera-
tion of the note, upon the payment of all costs, up to
the time leave was asked to file the amended petition,
except costs of summons and service thereof; the
costs in this court to be taxed to the defendants.

JUDGMENT ACCORDINGLY.