## JAMES G. GILL
v.
## WILLIAM HOPKINS.

PROMISSORY NOTE—ALTERATION.—Where appellant signs a note for another as security to enable him to obtain a loan from appellee, and the latter accepts the note, puts the date on it and loans the money, the putting the date to the note cotemporaneous with its delivery, would not be such a material alteration of its terms as to avoid it under appellant's plea that he did not execute the note.

APPEAL from the Circuit Court of Clay county; the Hon. C. C. BOGGS, Judge, presiding. Opinion filed June 12, 1886.

This suit is based upon two promissory notes, one for $300, signed by appellant and one Slow, and the other of $50, signed by one Sackrider and purporting also to be executed by appellant. The dispute between the parties arises upon the $50 note. The appellant denied, by sworn plea, that he executed that note. It appeared upon the trial that Sackrider brought the note to Hopkins December 27, 1882, signed by himself, with the name of appellant to it, and a mark, "x," purporting to be his mark, and desired to borrow money upon it. The note was not dated and the appellee put the date upon it, and accepted it and gave Sackrider the money. Hopkins had loaned money to Sackrider before upon the security of appellee, who had said he would indorse for Sackrider. Before suit was brought Sackrider disappeared and it was supposed he was drowned. The appellee recovered upon both notes and the defendant appealed.

Messrs. COCKRELL & MONROE, for appellant.

PILLSBURY, P. J. A note takes effect from the time of its delivery, and if appellant signed the note as security for Sackrider to enable him to obtain the loan from the appellee, the putting the date to the note cotemporaneous with

its delivery would not be such a material alteration of its terms as to avoid it under the plea. In putting the date to the note, no fraudulent intent upon the part of Hopkins appears, and the liability of the appellant being in no manner varied by the addition of the date it must be held as immaterial. Vogle v. Ripper, 34 Ill. 100.

Upon the question whether the appellant signed the note, or authorized or ratified the act of putting his name to it, the evidence is quite conflicting. Statements of his are proven which would fully justify the jury in the returning of the verdict which they did. The appellant denies that he signed the note or authorized it to be done, and also denies making the several statements sworn to by different witnesses. No instructions were asked by either party, and the jury finding the facts in favor of appellee, we are not authorized to interfere with their verdict where the evidence is so nearly balanced as it is in this case.

Judgment affirmed.