## APONA *et al vs.* D. KAMAI.

Assumpsit. Before McCully, J.

As of the May Term, 1888, of Second Circuit Court.

A fraudulent interlineation in a written contract, made after its execution, by one of the parties, renders the instrument void *in toto.*

### Decision of McCully, J.

This case was brought in the Supreme Court at the April term, and by consent transferred for trial to the Circuit Court sitting at Hilo, the locality of the transaction and of the parties. Jury was waived; Local Circuit Judge Lyman, being a witness in the case, did not sit, and the trial was had before Mr. Justice McCully.

The plaintiffs bring action on a contract in which the defendant is the first party, and the plaintiffs the second party, for the cultivation of a tract of land in sugarcane, of sixty-five acres more or less, at the price of fifty dollars per acre. It is admitted that the contract work was well done and within the time stipulated, and it is admitted that an exact survey of the land makes it 61.92 acres, and the plaintiffs reduce the whole amount accordingly to $3,096, give a credit for $923.50 paid on account, and claim the balance of $2172.50.

The defense is payment in full. The largest item in the difference between the parties is $1400.

It appears that the defendant had previously had a contract with Alai and Anin for the planting and cultivation of the same lot of cane. That after about six months one of them became dissatisfied and wished to abandon the contract. This was assented to by the defendant, who then made the contract on which this action is brought, with the four plaintiffs, one of whom (Alai) was a party to the first contract. The defendant endeavored to maintain that the agreement, as orally made, and before it was reduced to writing, was that the four plaintiffs should take up the job where the two former contractors had

left it, and for the consideration of fifty dollars per acre for the whole period of labor on the crop from planting to the finish, say about twelve months, do the final six months' labor, and receive the unpaid balance of this rate; but this was held by the Court to be inadmissible, and is mentioned only to explain the defendant's attitude in the case. He endeavored to show that such was the agreement also made in writing by producing a paper, of which the following is an English translation:
"$200

"In consideration of what we have received, we agree to pay D. Kamai, of Hilo, Hawaii, two hundred dollars [and the debt of Alai and Alin on the former contract] at the expiration of six months from the first day of May, 1887, and the hire of the mules at the time the amount of their work shall be ascertained, out of the pay for cultivating the cane under D. Kamai."

This instrument is signed by three of the plaintiffs. It was written by Judge Lyman, except the sentence in brackets, which is interlined, which was written by the defendant.

It was shown in evidence that a few days after the execution of the contract, with the acknowledgment of signatures in the office of the Circuit Judge, the parties, one of the plaintiffs excepted, came again and had conversation respecting their agreement, and that it resulted in Judge Lyman, who explained the business to the plaintiffs, writing the above instrument as expressing what was further agreed upon.

The defendant swears that the interpolated matter was written in before the three plaintiffs signed, with the knowledge of Judge Lyman, and a full explanation to the plaintiffs, and that the unexpressed amount of the debt of the old contractors which the new contractors agree to take up was $1400.

Two natives who were in the office give some support to this statement. Judge Lyman testifies that he remembers no such alteration of the instrument.

Without discussing at length all the incidents upon which my conclusion is formed, I say I am clearly of opinion that the testimony of the defendant is wholly false in respect to this

having been written before the signature. The instrument is entitled on the back, in the defendant's handwriting: "Note (*bila aie*) of Alai and Ahuna and Apona and Awana, $200." It was always in defendant's possession, never having been surrendered to plaintiffs after payment, and would seem to have been so endorsed before he undertook to make it an obligation for $1600.

The defendant's copy of the contract was not exhibited in the trial at Hilo. It is shown here. There is in it an obvious and apparent interpolation in these words: "and to pay the debt of Alai and Alin on the old contract, which is $1400." This is a more foolish instance of an attempt to misrepresent the agreement made between the parties than the alteration of the so-called "note," as the plaintiffs' copy would always confute it.

The agreement being susceptible of only one reading, that is, of fifty dollars per acre for the service which the plaintiffs were to perform, the defendant's claim of $1400 cannot be considered.

The plaintiffs object to the so-called "note" as to any operation against them on the ground that it is signed by only three of themselves, who sign as individuals, and do not bind the partnership or the fourth plaintiff; and secondly, because having been fraudulently altered in a material respect by the defendant.

The law seems to be clear and unvarying, that such an alteration makes the instrument void in toto, the good part not remaining obligatory.

This stands on good reason. So far as the altered contract is concerned, one party has not agreed to it, and, so far as the original contract, the party who alters it cannot have the privilege of holding the party whom he has attempted to defraud, when the attempt has failed. *Wood vs. Steele,* 6 Wall., 80.

I therefore make no allowance for the $200, so far as it is supported by this instrument. Evidence as to the allowance and payment of this amount will be considered.

There remains a series of payments and charges which are to be allowed, so far as the amounts can be ascertained from the very imperfect and untrustworthy accounts and memoranda of the defendant, in connection with the testimony of the parties.

The contract provides for the payment to the contractors (plaintiffs) of $200 for each month—$1200 for the six months —and the balance, if any, at the end of the term and the work.

The defendant's accounts of his payments and charges are most unsatisfactory. In the uncertainty of the testimony I am sufficiently satisfied to allow as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| Payment June 10 | $200 | —less | sundry | charges, | $80 00 |
| "   July 12 | 200 | " | " | " | 60 00 |
| "   August 15 | 200 | " | " | " | 65 00 |
| "   September 17 | 200 | " | " | " | 15 50 |
| "   October 22 | 24 | | | | |
| "   October — | 50 | | | | |
| Final payment | 270 | | | | |
| | $1144 | | | | |
| Mule hire | 12 | | | | |
| | $1156 | | | | |

The commission spoken of in the contract, but without a statement of the rate, or of the amount on which it was to be charged, I cannot allow beyond what may be included in the amounts withdrawn from the sundry payments. The plaintiffs testify that a part of these deductions were payments on account of the $200 expressed in the note.

The defendant's claim for $430 as the amount of sundry payments and charges is not substantiated by definite items. No evidence, such as would support a book account, is given. It is disallowed.

The account, then, stands thus:

| | |
|---|---|
| For 61 92-100 acres at $50 | $3096 00 |
| Less payments on account | 1156 00 |
| | $1940 00 |

For the balance, $1940, I give plaintiffs judgment, with interest from May 30, 1888.

V. V. Ashford, for plaintiffs.

W. R. Castle and D. H. Hitchcock, for defendant.

December 27, 1888.