**FORREST v. TOBIN.  (No. 6477.)**

(Court of Civil Appeals of Texas.  San Antonio.  Dec. 22, 1920.)

**1. Alteration of instruments ⟊5(1)—Inclusion of provision in contract for interest made it unenforceable.**

Where a duplicate contract for purchase of land reciting the purchase price to be "one thousand one hundred dollars, payable fifteen dollars cash in hand and monthly payments of ten dollars each, until the total amount of $1,100 has been paid," was altered by placing the words "including interest eight per cent.," after the words "ten dollars each," of which alteration the holder had notice, the instrument was in its legal effect a forgery and unenforceable in law.

**2. Alteration of instruments ⟊23—Recovery may be had on original contract where change is innocent and not material.**

Recovery may be had on an original contract, where a change is not fraudulently made and not material, made in good faith in carrying out the intent of the parties.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Grant Tobin against T. S. Forrest and others. From the judgment, defendant named appeals. Affirmed.

M. S. Hallam, of San Antonio, for appellant.

Chambers & Watson, of San Antonio, for appellee.

COBBS, J.  This suit was instituted against Ana Melas, J. P. Forrest, and T. S. Forrest to set aside a certain conveyance made to T. S. Forrest, alleging that they had conspired together to defraud appellee of the property sued for, being the south half of lot 20, block 3, new city block 2210 in the original city block No. 66, city of San Antonio, Bexar county, Tex., and plaintiff tendered in his pleadings the sum of $275 as the amount of the balance due and unpaid on the purchase price of said land. In the suit Ana Melas disclaimed. Judgment was entered by the court, the case having been tried without a jury, that T. S. Forrest recover from Grant Tobin $291.40, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum, foreclosing the lien on the property, which judgment eliminated J. P. Forrest.

On the 10th day of October Ana Melas entered into a contract with Grant Tobin, whereby she sold him the land in controversy. and they entered into a duplicate contract. The contract recited the purchase price to be "one thousand one hundred dollars, payable fifteen dollars cash in hand and monthly payments of ten dollars each." The contracts were identical in terms to this point, after which the difference being that in the one contract the last part of said paragraph, after the words "ten dollars each," reads as follows: "Until the total amount of one thousand [typewritten] one hundred [in ink] has been paid [typewritten]"—and in the duplicate, after the words "ten dollars each," is written in ink "including interest eight per cent.," then the words "until the total amount of one thousand [typewritten] one hundred [written in ink] has been paid [in type]."

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The contract was assigned by Ana Melas to John P. Forrest & Co., and John P. Forrest wrote the indorsement of transfer, and added thereto the following words:

"I hereby guarantee this contract draws interest from its date at the rate of eight per cent. per annum."

After the said property had been acquired by John P. Forrest, who says he purchased it for John P. Forrest & Co., Ana Melas executed, to secure the payment of that money, a deed of trust upon the same premises, and, acting through J. P. Forrest under a provision in the contract, declared the debt due. The property was put up, sold, and purchased in the name of T. S. Forrest, who at the institution of this suit was holding and claiming the same.

In the statement of the nature and result of the case by appellant he says, "The sole question in the determination of this case is whether or not the contract of sale of the real estate involved herein bore interest," notwithstanding there are many assignments and propositions presented raising other questions.

[1] The court, after hearing all of the evidence, held that the contract retained by J. P. Forrest, and under which T. S. Forrest claims title, was changed and interlined, and erased after its making, execution, and delivery, but that the contract retained by appellee was valid and did not bear the interest claimed. The testimony thoroughly justified the court in so holding, and such an instrument so changed is in its legal effect a forgery, for it was not the instrument executed by appellee, and the appellant, having notice thereof, as found by the court, is affected thereby. Such a contract is not enforceable in law. Wood v. Steele, 6 Wall. 80, 18 L. Ed. 725, and citations; Daniels on Neg. Instruments, 1376; Britton v. Dierker, 46 Mo. 591, 2 Am. Rep. 554; 10 Am. Dig. 270, 271; Woodworth v. Bank of America, 19 Johns. (N. Y.) 391, 10 Am. Dec. 239; Newman v. King, 54 Ohio St. 273, 43 N. E. 683, 35 L. R. A. 472, 474, 56 Am. St. Rep. 705. The law regards altered notes forged. Woods v. Steele, supra, 6 Wall. 83, 18 L. Ed. 725.

[2] Recovery may be had on an original contract where the change is not fraudulently made and not material, made in good faith, and carrying out intent of parties. See Bohn v. Burton-Lingo Co., 175 S. W. 173; Baldwin v. Haskell Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178; Otto v. Halff, 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56.

That the change in the date of a note or of its maturity voids it, see Ruling cases, vol. 1, § 8, and various notes cited on the point; Crawford v. Nat. Bank, 100 N. Y. 50, 2 N. E. 881, 53 Am. Rep. 152; Adams v. Faircloth, 97 S. W. 507.

We have examined carefully testimony offered in evidence and find that the findings made by the court are thoroughly supported by the testimony, and no other result could follow than the judgment entered by the trial judge.

We appreciate the vigor and earnestness with which counsel ordinarily present their cases, but the expressions in the "General Remarks" of appellant's counsel as to the construction placed upon the contracts by the court being "utterly unreasonable," and such language as, "The lower court, however, took the unfair and unreasonable course, and the findings of fact only serve to emphasize the unfairness," are not respectful and add nothing to an argument. It is not very far short of expressing contempt for the judgment of the court and does not tend to uphold and give the proper respect due to constituted authority. See Rule 48, Tex. Civ. Appeals (142 S. W. xiii).

We find no reversible error assigned, and the judgment of the trial court is in all things affirmed.

