**UNITED STATES ex rel. DI MIERI v. UHL, Director of Immigration.**

No. 277.

Circuit Court of Appeals, Second Circuit.

April 4, 1938.

Mario M. De Optatis, of New York City, for appellant.

John W. Knox, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

In re LIVERMORE.

No. 93.

Circuit Court of Appeals, Second Circuit.
April 4, 1938.

PER CURIAM.

The issue in this case is as to the exclusion of an alien who came here as a temporary visitor under section 3(2) of the Act of 1924, 8 U.S.C.A. § 203(2). He arrived on March 11, 1937, in possession of an Italian passport which expired on March 26, 1937, duly certified for a temporary visit by the visa of an American consul.. On the way over he changed the date of the passport from "1937" to "1938"; this was discovered before he was admitted, and he was excluded on the ground that he had not a valid passport and visa.

The Act of 1924 does not prescribe what documents such an alien must bring with him; he is not an "immigrant" at all; section 3(2), 8 U.S.C.A. § 203(2), and section 13, 8 U.S.C.A. § 213, do not apply to him. However, Rule III, subdivision F, paragraph 2 of the Immigration Rules requires a passport and a visa, and that is a condition obviously within the powers of the Commissioner General and Secretary under section 24 of the Act of 1924, 8 U.S.C.A. § 222. It does not seem to us that we need inquire whether the alteration of the passport made it void under the doctrine of the common law, applicable to documents inter partes. Wood v. Steele, 6 Wall. 80, 18 L.Ed. 725; Clyde S. S. Co. v. Whaley, 4 Cir., 231 F. 76, L.R.A.1916F, 289; Barringer v. Dinkler Hotels, 4 Cir., 61 F.2d 82. A temporary visitor may be admitted for "a fixed reasonable period, under no circumstances to exceed one year"; (Rule III, subd. H, pars. 1 & 2); and the duration of the passport is certainly a material factor in fixing that "reasonable period." Hence the passport required by Rule III, subd. F, par. 2, must be understood to be the passport as it actually issues; and when the alien forged the date, it ceased to be what the rule required. Thus he attempted to enter without complying with conditions lawfully prescribed, and was properly excluded.

Order affirmed.