## MATTER OF FICALORA

### In Deportation Proceedings

### A-14341964

*Decided by Board April 21, 1966*

(1) The special inquiry officer does not have authority in deportation proceedings to determine an alien's elegibility for sixth preference status in conjunction with an application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, as amended, nor does the Board of Immigration Appeals have appellate jurisdiction over such question, the sole determination thereof resting with the District Director and the Regional Commissioner (8 CFR 103.1(e)(2) and (f)).

(2) Where a visa petition, filed just prior to the deportation hearing, to accord respondent status under the then current sixth preference portion of the Italian quota was not accepted by the Service but was returned because not accompanied by a certification from the Secretary of Labor, as required, the special inquiry officer did not err in failing to defer his decision pending respondent's compliance with the certification requirement.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251]—Nonimmigrant (temporary visitor for pleasure changed to student) —failed to comply with conditions of status.

The special inquiry officer, in a decision dated December 10, 1965 denied the respondent's application for adjustment of his status to that of a permanent resident; granted his alternative request for voluntary departure; and provided for his deportation from the United States to Italy, on the charge contained in the order to show cause, in the event of his failure to so depart. The respondent's appeal from that decision, which brings the case before this Board for consideration, will be dismissed.

This record relates to a 28-year-old male alien, married,[1] who is a native and citizen of Italy. He last entered the United States on or about September 20, 1964. He was then admitted as a nonimmigrant

---

[1] He has a wife and child who are residents of Italy and are apparently natives and citizens of that country.

temporary visitor for pleasure. His status was subsequently changed to that of a nonimmigrant student. He was thereafter authorized to remain in the United States in the latter status until September 1, 1966.

At the hearing before the special inquiry officer, the respondent contended that he was still attending school. It was, however, established that the school which he was then attending and had recently enrolled in was not the school which had been approved by the Immigration and Naturalization Service as the institution of learning he was to attend as a student. Also, the respondent had obtained no permission to change from one school to another. He had attended the school that had been approved for him only one day because he did not like the school.

The respondent has conceded the correctness of the facts hereinbefore recited. They establish his deportability on the charge contained in the order to show cause. The respondent's deportability has, in fact, now been conceded. This aspect of the case requires no further discussion.

The special inquiry officer has granted the respondent's alternative request for voluntary departure. Suffice it to say, in this connection, that the record before us supports said official's action in this respect.

The only remaining issue is whether the special inquiry officer has properly denied the respondent's basic request for adjustment of his status to that of a permanent resident. Our answer is in the affirmative, for the reasons hereinafter set forth. In reaching this decision, we have considered and rejected the respondent's contention that the special inquiry officer erred in failing to:

(1) assume jurisdiction over the question of the respondent's eligibility for sixth preference status; or

(2) defer his decision pending action by the District Director in connection therewith.

The respondent is allegedly presently employed as a tile setter, brick layer and stonemason. Just prior to the hearing before the special inquiry officer, the respondent submitted to the Immigration and Nationalization Service a petition filed by his employer to have him accorded sixth preference status under the Italian quota, on the basis of such employment. Despite the fact that said portion of the Italian quota appeared to be current, the Service did not accept the petition, but instead returned it to the respondent. The reason was that a labor clearance certificate was not submitted with the visa petition. In that posture of the case, then, the special inquiry officer ruled the respondent ineligible for adjustment of his status to that of

a permanent resident, solely on the ground that he did not have a visa readily available to him.

8 CFR 204.1(d) specifies that a petition (Form I-140) to have an alien classified as a preference immigrant under section 203(a)(6) of the Immigration and Nationality Act (8 U.S.C. 1153) must be accompanied by a certification of the Secretary of Labor before it may be accepted by the Service and considered properly filed; and that no appeal shall lie from a decision denying the petition for lack of the certification by the Secretary of Labor. 8 CFR 245.1(d) provides that an applicant for preference status such as this respondent is not eligible for the benefits of section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) unless he is the beneficiary of a valid unexpired visa petition filed in accordance with 8 CFR 204 and approved to accord him such status. 8 CFR 103.1(e)(2) and (f) places the determination of whether or not an alien possesses the qualifications for sixth preference status solely within the jurisdiction of the appropriate District Director and Regional Commissioner. 8 CFR 242.8 does not vest in the special inquiry officer authority over such a question. And 8 CFR 3.1(b)(5) specifically excepts appellate jurisdiction of such a question from this Board.

The foregoing regulations have the force and effect of law (*Di Mieri v. Uhl*, 96 F.2d 92). They are binding on all the parties here concerned. Clearly, in the light thereof and the specific provision of the regulations, the special inquiry officer properly ruled this respondent ineligible for adjustment of his status to that of a permanent resident. By the same token, respondent's argument that the special inquiry officer erred in failing to pass upon the question of the respondent's eligibility for sixth preference status is completely devoid of validity. The same is true of his assertion that this Board should do so now.

We likewise find without merit the claim that the special inquiry officer should have deferred his decision until the respondent had the opportunity to comply with the foregoing provisions of the regulations, or that this Board should now enter an order to that effect. Despite the passage of four months since the entry of the special inquiry officer's order, there is no showing here of what, if any, efforts the respondent has made to comply with the applicable provisions of the pertinent regulations hereinbefore set forth. If he has made appropriate efforts in this connection, then they would be properly a matter for the consideration of the appropriate District Director in setting the time for the respondent's voluntary departure or, upon his failure to so depart, in fixing the time for his deportation. In the latter contingency, as we have previously pointed out

(*Matter of I—*, A-13212870, 10 I. & N. Dec. 372) then would be the appropriate time for respondent to raise the question of the power of this Board to see that justice is done. In any event, respondent has available to him the remedy of a motion for reconsideration should future events in connection with his visa petition render such action appropriate.

As we have hereinbefore pointed out, the law and the existing regulations are binding on all parties here concerned. Obviously, therefore, respondent's complaints about the confusion resulting from recent changes in the law and possible delay in obtaining the necessary "clearance order" to be issued by the Secretary of Labor, as required by the implementing regulations, lie elsewhere than with this Board. Accordingly, and in view of the foregoing, the special inquiry officer's order will be affirmed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.