MATTER OF ORIA

In Deportation Proceedings

A–17860711

A–17778971

*Decided by Board May 7, 1974*

Neither the immigration judge nor the Board of Immigration Appeals has jurisdiction in deportation proceedings to review a district director's decision not to revalidate a third preference visa petition in conjunction with an application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer than permitted (both respondents).

ON BEHALF OF RESPONDENTS: Earle M. Brooks, Esquire
189 West Madison Street
Chicago, Illinois 60602

The alien respondents, husband and wife, are natives and citizens of the Republic of the Philippines. Through counsel they have admitted the factual allegations contained in the Orders to Show Cause, and they have conceded deportability as nonimmigrant visitors who have remained beyond the authorized length of their stays. At their hearing before an immigration judge they applied for, and were accorded, the discretionary relief of voluntary departure. The female respondent also renewed an earlier application for adjustment of status under section 245 of the Immigration and Nationality Act. The record does not indicate that the male respondent formally applied for adjustment of status; however, it appears that he would have so applied had the female respondent been granted section 245 relief. In his decision, dated December 4, 1973, the immigration judge denied the female respondent's request for adjustment of status. Both respondents have appealed, although the only issue on appeal involves the

691

denial of the female respondent's application under section 245. The appeal will be dismissed.

The female respondent has sought adjustment of status as a preference immigrant under section 203(a)(3) of the Act. Her section 245 application was filed in January of 1969, and since that time sixth preference and nonpreference immigrant visas have remained unavailable to aliens from the Philippines. The female respondent had been the beneficiary of an approved third preference visa petition. Approval of that petition expired on January 19, 1969, and the petition has not been revalidated. Her basic contention is that she should now be granted section 245 relief because a lengthy and unexplained delay in the processing of her case deprived her of an earlier opportunity for adjustment of status. This claim in essence relates to an apparent failure on the part of the Department of Labor to respond promptly to a Service request for a decision as to whether the female respondent's labor certification should be revalidated.

As the case stands before us, the female respondent must either qualify as a third preference immigrant or be precluded from receiving adjustment of status. Neither the immigration judge nor this Board has jursidiction to review a District Director's decision not to revalidate a third preference visa petition. *Matter of Ficalora,* 11 I. & N. Dec. 592 (BIA 1966). The female respondent does not now qualify as a third preference immigrant; accordingly she is statutorily ineligible for adjustment of status. Since we have no authority to determine the female respondent's eligibility for classification as a third preference immigrant, there would be no point in our assuming jurisdiction to adjudicate her claim that she has been prejudiced through a delay in the processing of the request for a revalidation of her labor certification.

There is, however, one aspect of the female respondent's claim which deserves clarification. She has asserted that until February 4, 1971 she was eligible for labor certification under Schedule C, Group II of 29 CFR Part 60,[1] but that during the processing of her case the regulations were changed to eliminate a basis upon which she could have received labor certification. This contention is incorrect.

In order to simplify the labor certification procedure, the Secretary of Labor has devised several schedules which cover certain occupations, and which aid in determining whether a given alien satisfies the requirements of section 212(a)(14) of the Act. Schedule C, which was initially incorporated into 29 CFR Part 60 on February 1, 1967,[2] contained two groups, one of which set forth a

[1] See 32 Fed. Reg. 867 (January 25, 1967).
[2] 32 Fed. Reg. 867 (January 25, 1967).

list of occupations found to be in short supply generally, but not nationwide. An alien qualifying under Schedule C could receive an individual labor certification from the Department of Labor without the requirement of a specific job offer. Group I of Schedule C contained the actual list of qualifying occupations. Group II was not a list. It basically obviated the job offer requirement for "[a]ny person qualified as a professional or who has exceptional ability in the sciences or arts and whose occupation is not listed on Schedule A." 29 CFR Part 60, Schedule C (1968).

Schedule C was revoked after due notice and the Schedule C—Precertification List was established in place of Schedule C, Group I. 29 CFR 60.3(c) (1970), 34 FR 1018 (January 23, 1969); Notice of Proposed Rule Making, 33 FR 17244 (November 21, 1968). Thereafter, the essential elements of Schedule C, Group II were no longer contained in any schedule, but instead were incorporated in 29 CFR 60.3(b). 34 FR 1018 (January 23, 1969). This portion of the Department of Labor's regulations has not been substantially altered, and the basic provision, earlier embodied in Schedule C, Group II, has remained in effect throughout the period of time involved in this case.[3] Consequently, the regulation under which the female respondent sought labor certification was not eliminated by the February 4, 1971 revision of 29 CFR Part 60, a revision which did eliminate the Schedule C—Precertification List.

Although the functional provisions under which the female respondent sought labor certification have not been removed from the pertinent regulations, the delay in processing her application remains unexplained by the record in this case. Nevertheless, this is not the proper forum for a resolution of the female respondent's claim.

**ORDER:** The appeal is dismissed.

*Futher order:* Pursuant to the imigration judge's order, the respondents are permitted to depart from the United States voluntarily within 62 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.

---

[3] The Service twice requested a redetermination by the Department of Labor regarding the female respondent's labor certification. The initial request for what amounted to a revalidation determination was dated October 1, 1969 and alluded to Schedule C, Group II at a time when Schedule C, Group II, as such, no longer existed. Proper identification of the female respondent's labor certification application, however, was contained elsewhere on the form.