## MATTER OF GROVE

## In Deportation Proceedings

## A-14597358

*Decided by Board March 27, 1970*

The special inquiry officer does not have authority to rule upon the qualifications of respondent (a nonpreference applicant for section 245 adjustment of status) for precertification under Schedule C of 29 CFR 60.3, since, by regulation, such authority lies solely with the District Director.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer than permitted after admission as nonimmigrant visitor under section 101(a)(15).

ON BEHALF OF RESPONDENT:
Robert T. Reynolds, Esquire
Snyder and Reynolds
1000 National Press Bldg.
14th & F Streets, N.W.
Washington, D.C. 20004

Of counsel:
Ronald H. Bonaparte, Esquire
3600 Wilshire Blvd.
Los Angeles, California 90005

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The respondent is a native and citizen of New Zealand who was admitted to the United States at the port of Honolulu, Hawaii on or about June 16, 1965 as a nonimmigrant visitor for pleasure. She has been found deportable under the provisions of section 241(a)(2) of the Immigration and Nationality Act as an alien who remained longer than permitted. An order entered by the special inquiry officer on May 26, 1966 granted her the privilege of voluntary departure with an alternate order of deportation in the event she failed to depart when and as required. There was no appeal from this order. A warrant for the respondent's deportation was issued on May 15, 1969.

The respondent on May 26, 1969 moved for a reopening of the

deportation proceedings to permit application for adjustment of status under section 245 of the Immigration and Nationality Act. An order entered by the special inquiry officer on July 25, 1969 denied this motion. The appeal from this order is now before us.

The special inquiry officer denied the respondent's motion on the ground that the respondent was ineligible to apply for an adjustment of status under section 245(a)(3) of the Act since there was no showing that an immigrant visa was immediately available for her (8 CFR 245.2(a)(2)). The special inquiry officer also found that the respondent could not qualify as a nonpreference alien by reason of the fact that "it has been determined by the District Director that she is not entitled to be considered under the precertified list of occupations under 29 CFR, Part 60, and she does not possess an individual certification of the Secretary of Labor issued under section 212(a)(14) of the Act, as required under the provisions of 8 CFR 245.2(b)(2)." The District Director at Los Angeles ruled on July 2, 1969 that the petitioning employer's request for the respondent's employment as a secretary would not be approved because the respondent did not meet the two-year training period required for precertification under Schedule C.

Counsel on appeal urges error on the part of the special inquiry officer in that he failed to review the evidence to determine whether the respondent was qualified as a secretary and, therefore, entitled to precertification under 29 CFR 60.3. He argues that the broad authority granted the special inquiry officer by 8 CFR 242.8(a)[1] is adequate to permit consideration of the respondent's qualifications for precertification under 29 CFR 60.3. We do not agree.

Under 8 CFR 245.1(e) the burden is upon the respondent to establish that she is within Schedule C of the precertified list set forth in 29 CFR, Part 60. 8 CFR 245.2(b) is the regulation which governs an application by a nonpreference alien seeking an adjustment of status under section 245 of the Act and whose occupation is included in Schedule C of the precertified list set forth in 29 CFR 60.3. It reads in part:

---

[1] 8 CFR 242.8(a) provides in part: "In any proceeding conducted under this part the special inquiry officer shall have the authority to determine deportability and to make decisions, including orders of deportation as provided by section 242(b) of the Act; . . . *to determine applications under sections 244, 245* and *249 of the Act; . . . and to take any other action consistent with the applicable provisions of the law and regulation as may be appropriate to the disposition of the case.*" (Emphasis supplied.)

Determination concerning certification under section 212(a)(14) of the Act will be made in accordance with the pertinent provisions of section 204.1(d)(2) of this Chapter.

The pertinent provisions of 8 CFR 204.1(d)(2) read:

An alien whose occupation is currently listed in Schedule C—Precertification List—will be considered as having obtained a certification under section 212(a)(14) of the Act *upon determination by the District Director* that the alien is *qualified for* and will be employed in such occupation and that the alien will not reside in an area excluded from precertification by the Secretary of Labor. (Emphasis supplied.)

We conclude on the basis of the foregoing regulations that the special inquiry officer does not have the authority to rule upon the respondent's qualifications for precertification under Schedule C of 29 CFR 60.3. This authority lies solely with the District Director. We affirm the action taken by the special inquiry officer in denying the respondent's motion and will dismiss the appeal.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.