## MATTER OF CHING

### In Deportation Proceedings

### A–20675532

### *Decided by Board August 17, 1976*

(1) Under 8 CFR 245.1(d), and applicant for preference status such as respondent herein is not eligible for adjustment of status under section 245 of the Immigration and Nationality Act unless he is the beneficiary of a valid unexpired visa petition filed in accordance with 8 CFR 204 and approved to accord him such status. Burden is on respondent to prove to the satisfaction of the district director that he meets the requirements for approval of the visa petition. Where such petition has not been approved, respondent is statutorily ineligible for section 245 relief.

(2) Under 8 CFR 103.1(m)(2) and (n), determination of sixth-preference eligibility is vested solely within the jurisdiction of the district director and regional commissioner. 8 CFR 242.8 does not vest authority over such a question in the immigration judge, and 8 CFR 3.1(b)(5) specifically excepts appellate jurisdiction in such a question from the Board of Immigration Appeals.

(3) On motion for reconsideration, respondent must present prima facie evidence of eligibility for section 245 relief to the Board. Lack of approval of the sixth-preference visa petition renders the respondent ineligible for section 245 relief. Respondent's failure to present prima facie evidence of eligibility on motion for reconsideration is sufficient ground for denial of that motion by the Board.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| Wallace Heitman, Esquire | Daniel L. Kahn |
| 1014 Mercantile Bank Bldg. | Trial Attorney |
| Dallas, Texas 75201 | |

On August 20, 1975, we dismissed the respondent's appeal from an order of the immigration judge (following a reopened hearing) denying respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act; and sustained his appeal from an order of the immigration judge denying respondent's application for voluntary departure and ordering his deportation to the Republic of China. This case is now before us on a motion to reconsider our prior decision on the issue of adjustment of status. We note that counsel has

filed a Petition for Review with the United States Court of Appeals for the Fifth Circuit in this matter. On December 16, 1975, counsel filed a Motion to Abate in the United States Court of Appeals. That motion was granted by the Court of Appeals on December 29, 1975 pending our review of respondent's motion.

The respondent is a 58-year-old male alien, native and citizen of the Republic of China. He entered the United States at San Francisco, California as a nonimmigrant (business) visitor on June 10, 1973. The respondent was authorized to remain in the United States until August 9, 1973. He remained beyond that date. Deportability was established at respondent's first hearing by clear, convincing and unequivocal evidence.

At his reopened hearing, the respondent requested adjustment of status. The immigration judge found that respondent was statutorily ineligible for adjustment of status because he was unable to show that he had a valid labor certification. The immigration judge also denied adjustment of status in the exercise of his administrative discretion. On appeal, respondent submitted a new labor certification issued to him on January 27, 1975. That document indicated that the respondent has been employed by the Blue Hawaii Restaurant of Arlington, Texas as a Chinese specialty cook since July of 1973. We denied respondent's application for adjustment of status on the sole ground that a visa number for the Republic of China in the nonpreference category was not available to him as of the date of our decision.

In his motion papers, counsel informs us that a visa petition for a sixth preference was filed with the Service on respondent's behalf on November 5, 1973 (petition is currently pending before the Service); that respondent has a valid labor certification; that his priority date is December 17, 1974; and that as of December of 1975, visa numbers were available for the Republic of China in the sixth preference category. Counsel contends that the respondent is statutorily eligible for adjustment of status and requests that we ". . . advise the Service to consider said Visa Petition for 6th Preference in line with this Motion . . . ."

Section 245(a) of the Immigration and Nationality Act provides that:

The status of an alien, other than an alien crewman, who was inspected and admitted or paroled in the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved.

8 CFR 245.1(d) provides that an applicant for preference status such as this respondent is not eligible for the benefits of section 245 of the Immigration and Nationality Act (8 U.S.C 1255) unless he is the ben-

eficiary of a valid unexpired visa petition filed in accordance with 8 CFR 204 and approved to accord him such status. 8 CFR 103.1(m)(2) and (n) places the determination of whether or not an alien possesses the qualifications for sixth preference status solely within the jurisdiction of the appropriate district director and regional commissioner. 8 CFR 242.8 does not vest in the immigration judge authority over such a question; and 8 CFR 3.1(b)(5) specifically excepts appellate jurisdiction of such a question from this Board.

It is clear from the record that the respondent does not possess an approved visa petition for a sixth preference. Therefore, he is statutorily ineligible for adjustment of status under section 245 of the Act. Respondent's remedy lies with the district director. There is no merit to counsel's request that we advise the district director to consider respondent's visa petition in light of this motion. It is respondent's burden to prove to the satisfaction of the district director that he meets the requirements for approval of his visa petition for a sixth preference. Respondent has available to him the remedy of a motion for reconsideration should future events in connection with his visa petition render such action appropriate. See *Matter of Ficalora*, 11 I. & N. Dec. 592 (BIA 1966).

We conclude that the respondent has not presented prima facie evidence to establish that he is statutorily eligible for adjustment of status under section 245 of the Act. Accordingly, the motion to reconsider will be denied.

**ORDER:** The motion to reconsider is denied.