MATTER OF YEUNG

In Deportation Proceedings

A–16031948

*Decided by Board October 12, 1977*

When an alien, in deportation proceedings, submits an application for preference status under section 203(a)(7) of the Immigration and Nationality Act in conjunction with an application for adjustment of status under section 245 of the Act, the decision as to whether the alien should be granted preference status is made by the District Director, and the immigration judge acted improperly in denying the section 245 application before the alien had received written notification of the denial of his petition.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer

ON BEHALF OF RESPONDENT:
Jules E. Coven, Esquire
Lebenkoff & Coven
One East 42nd Street
New York, New York 10017

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated November 15, 1976, an immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act as a nonimmigrant in transit who had remained longer than authorized, ordered him deported, but granted him the privilege of voluntary departure in lieu of deportation. He also denied the respondent's application for adjustment of status pursuant to section 245 of the Act. The respondent has appealed from that denial. The record will be remanded.

The respondent is a 29-year-old native and citizen of China who last entered the United States on or about January 31, 1975, as an alien in transit with a visa authorized to remain in the United States until March 1, 1975. He remained beyond that time. At the deportation hearing the respondent admitted that the allegations of fact in the Order to Show Cause were true, but denied that he was deportable as charged. The immigration judge however found that, based upon his admission of the truth of the allegations of fact, his deportability as charged had been

370

established by clear, convincing, and unequivocal evidence. We agree. The hearing was then continued so that the respondent could submit an application for adjustment of status pursuant to section 245 of the Act as a refugee under section 203(a)(7).

In order to establish eligibility for adjustment of status under section 245 of the Act, a respondent must establish both that he is admissible to the United States and that there is an immigrant visa immediately available to him. Although the Department of State Visa Availability Bulletin indicated that there were seventh-preference visas available at the time of the reconvened hearing, the respondent's petition for refugee status had not been approved and the Government trial attorney stated that the District Director had denied the petition and the decision was being mailed to the respondent. The immigration judge told the respondent that he would proceed with the hearing on the application for adjustment of status; however, he also stated that he would reopen the proceedings on his own motion if the application was later approved by the District Director.

On the Notice of Appeal, Form I-290A, the respondent gave several issues upon which he was basing his appeal. However, at oral argument before this Board he stated that he was appealing only from the fact that the immigration judge denied his application for adjustment of status before he had received written notification of the denial of his petition for seventh-preference status. The respondent stated that he believed that a petition for preference status under section 203(a)(7) of the Act could not be considered unless an application for adjustment of status was pending and that, therefore, the immigration judge should not have denied the section 245 application until the respondent had received written notification of the denial of his petition for the seventh-preference status. The respondent stated at oral argument that he had still not received a copy of that decision.

The Code of Federal Regulations specifies that an applicant for adjustment of status under section 245 of the Act who claims to be entitled to preference status under section 203(a)(7) of the Act should execute and attach to his application for adjustment of status a Form I-590A, Application for Classification as a Refugee under the Proviso to section 203(a)(7), Immigration and Nationality Act. See 8 C.F.R. 245.4. The determination as to whether an alien is entitled to this preference is made by the District Director. The Immigration and Naturalization Service Operations Instructions provide for the processing of such application, and under these instructions if the District Director finds that an alien should not be granted preference status under section 203(a)(7) of the Act, he is to notify the alien applicant on a Form I-290C of this finding and certify the case to the Regional Commissioner (Operations Instructions 245.8(b)(5)).

The respondent, in the present case, claims never to have been notified that his application for preference status under section 203(a)(7) was denied by the District Director and the record contains no evidence of such a denial or that the case was certified to the Regional Commissioner as required. Since there is nothing in the record which indicates that the respondent was informed that his application for preference status under section 203(a)(7) of the Act was denied or that other required procedures were followed, we shall remand the case to the immigration judge so that he may hold the case in abeyance until such time as all necessary procedures have been completed, and can then hold a new hearing.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with this decision.