## MATTER OF WIESINGER

### In Deportation Proceedings

### A-20351136

*Decided by Board March 27, 1978*

Neither the Board of Immigration Appeals nor the immigration judge has authority to rule upon the qualifications of respondent (a nonpreference applicant for section 245 adjustment of status) for precertification as a minister under Schedule A of 29 C.F.R. 60.7, since, by regulation, such authority lies solely with the District Director and in the absence of approval of precertification by the District Director, his application for adjustment must be denied. *Matter of Kjeldaas,* Interim Decision 2605 (BIA 1977) modified.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)—Nonimmigrant visitor— remained longer

ON BEHALF OF RESPONDENT:
David Carliner, Esquire
Carliner & Gordon
931 Investment Building
1511 K Street, N. W.
Washington, D. C. 20005

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

The respondent appeals from the decision of an immigration judge, dated February 25, 1977, in which he found the respondent deportable as charged, denied his application for adjustment of status, and granted him the privilege of voluntary departure in lieu of deportation. The appeal will be dismissed.

The respondent is a 25-year-old native and citizen of Austria who entered the United States on January 22, 1973, as a nonimmigrant visitor for pleasure, authorized to remain until February 6, 1976. The District Director denied his application for adjustment of status on January 27, 1976. At his deportation hearing on April 27, 1976, the respondent admitted the allegations in the Order to Show Cause and conceded deportability. The only issue on appeal involves his application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, based upon his claim to precertification as a missionary under 29 C.F.R. 60.7.

The respondent seeks adjustment of status as a nonpreference immigrant. The immigration judge found that the respondent was inspected and admitted into the United States and that a nonpreference immigrant visa is available. He concluded, however, that the respondent had failed to establish that he had obtained the necessary labor certification. He was, therefore, excludable under section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), and his application for adjustment was denied.

The respondent claims that he is eligible to receive a nonpreference immigrant visa because he is seeking to enter the United States as a missionary and, thus, he is precertified by regulation. Schedule A, Part III(b), 29 C.F.R. 60.7.[1] We have held that aliens who seek to enter the United States to perform religious duties are considered to be coming to perform skilled and unskilled labor and, therefore, must obtain a labor certification, although they are precertified by regulation. 29 C.F.R. 60.2(a)(1) and 60.7, Schedule A, Group III(a), (b), and (c). *Matter of Friess*, Interim Decision 2492 (BIA 1976).

A blanket labor certification has been granted to persons who seek admission to perform a religious occupation, and to persons with a religious commitment who seek admission in order to work for a nonprofit religious organization. The occupation, "missionary," is listed on Schedule A—the list of occupations for which the Secretary of Labor has issued a blanket labor certification by regulation (formerly 29 C.F.R. 60.7, presently 20 C.F.R. 656.10).[2] See *Matter of Kjeldaas*, Interim Decision 2605 (BIA 1977).[3]

---

[1] 29 C.F.R. 60.7 Schedule A, Group III(b) covers:

Any person of any religious denomination having a religious commitment, such as a Monk, Nun, Brother, Missionary, and others, who is seeking admission to the United States to perform the duties required of him by virtue of such commitment.

[2] 20 C.F.R. 656.10(c) includes the latest version of Schedule A, Group III.

(c) Group III:

(1) Aliens who seek admission to the United States in order to perform a religious occupation, such as the preaching or teaching of religion; and

(2) Aliens with a religious commitment who seek admission into the United States in order to work for a nonprofit religious organization.

20 C.F.R. 656.22 describes the requirements needed to qualify for Schedule A:

(e) Aliens seeking a labor certification under Group III of Schedule A shall file as part of their labor certification applications documentary evidence showing that they have been primarily engaged in the religious occupation or in working for the nonprofit religious organization for the previous two years, and they will be principally engaged (more than 50 percent of working time) in the United States in performing the religious occupation or working for the non-profit religious organization.

These regulations became effective on February 18, 1977. 42 F.R. 3441 (January 18, 1977).

[3] We note that in *Matter of Kjeldaas, supra,* we found that the respondent's occupation was one listed on Schedule A, but the issue of our jurisdiction over this matter was not raised in that case. In the present case, however, we find that neither the Board nor the immigration judge has jurisdiction to rule upon the respondent's qualifications for precer-

481

The immigration judge found that the respondent was employed as a State Director of the Unification Church since October 1975, in a managerial capacity rather than as a missionary. He also found that the term missionary as used in Schedule A, Part III(b), 29 C.F.R. 60.7, referred to someone devoted to an area of service and not a supervisor, manager, or director.

On appeal, the respondent claims that he devotes the great majority of his time to missionary work, although he does also act as a supervisor for other missionaries. On January 27, 1976, the District Director denied the respondent's application for adjustment on the ground that the respondent has not distinguished himself from the rank and file membership of the church and, thus, does not fall within the ambit of 29 C.F.R. 60.7. His application for adjustment was, therefore, denied because it was not supported by a valid labor certification.

In an earlier case, we held that the authority to rule upon an alien's qualifications for precertification under Schedule C of 29 C.F.R. 60.3 lies solely with the District Director and that the immigration judge may not rule on the accuracy of the District Director's conclusions regarding the sufficiency of the stated qualifications for precertification. *Matter of Grove*, 13 I. & N. Dec. 572 (BIA 1970).[4] See also *Matter of Lau*, 14 I. & N. Dec. 694, n. 13 at 700 (BIA 1974). The regulation relied upon in that case was 8 C.F.R. 204.1(d)(2).[5] That regulation was

---

tification under Schedule A. Thus, it appears that we erroneously assumed jurisdiction in *Matter of Kjeldaas, supra*, and we will refuse to do so again.

[4] In *Matter of Grove, supra*, we held that under 8 C.F.R. 245.1(e) the burden is on the respondent to establish that he is within Schedule C of the Precertified List set forth in 29 C.F.R. Part 60. We also cited 8 C.F.R. 245.2(b) for the proposition that a determination concerning certification under section 212(a)(14) of the Act will be made in accordance with the pertinent provisions of 8 C.F.R. 204.1(d)(2). The current version of 8 C.F.R. 245.1(e) places the burden of establishing that he is within Schedule A (20 C.F.R. Part 656) on the respondent. The current version of 8 C.F.R. 245.2(b) states that the determination concerning certification under 212(a)(14) of the Act will be made in accordance with the pertinent provision of 8 C.F.R. 204.2(e)(4).

[5] 8 C.F.R. 204.1(d)(2) read in pertinent part:

(2) Certification under section 212(a)(14). An alien whose occupation is currently listed in Schedule A (29 C.F.R. Part 60) will be considered as having obtained a certification under section 212(a)(14) of the Act upon determination by the *district director* that the alien is qualified for and will be engaged in such occupation. An alien whose occupation is currently listed in Schedule C—Precertification List will be considered as having obtained a certification under section 212(a)(14) of the Act upon determination by the *district director* that the alien is qualified for and will be engaged in such occupation and that the alien will not reside in an area excluded from precertification by the Secretary of Labor. . . . (Emphasis supplied.)

8 C.F.R. 204.2(e)(4), which replaced the above regulation, reads in pertinent part:

(4) Certification under section 212(a)(14). No third or sixth preference petition shall be approvable unless it is supported by a valid labor certification issued under section 212(a)(14) of the Act. An alien whose occupation is currently listed in Schedule A (20

amended March 30, 1971 (36 F.R. 5835). The new regulation, 8 C.F.R. 204.2(e)(4), is different only in that it speaks of Schedule A as opposed to Schedules A and C. Upon a review of the old regulation, 8 C.F.R. 204.1(d)(2), it is apparent that the District Director's authority to determine whether the alien is precertified applies to both Schedules A and C.[6] Therefore, we hold that the decision reached in *Matter of Grove*, *supra*, is applicable today and we are without authority to rule upon the respondent's qualifications for precertification under Schedule A of 29 C.F.R. 60.7. Inasmuch as the respondent has not established his eligibility for adjustment of status in the absence of an approved labor certification or his exemption therefrom, the immigration judge was correct in denying his application for that relief. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: In accordance with *Matter of Chouliaris*, Interim Decision 2572 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

---

C.F.R. Part 656) will be considered as having obtained a certification under section 212(a)(14) of the Act upon determination by the *district director* that the alien is qualified for and will be engaged in such occupation. . . . (Emphasis supplied.)

[6] See note 3.

The Schedule C—Precertification List was eliminated by the revision of 29 C.F.R. 60 on February 4, 1971. 36 F.R. 2462. However, before that date, the Immigration and Naturalization Service regulations had been amended to permit District Directors to determine whether an alien was precertified under Schedule C or Schedule A—Precertification List. 8 C.F.R. 204.1(d)(2) (1970), 34 F.R. 5325 (March 18, 1969).