## MATTER OF KOTTE

### In Deportation Proceedings

### A-22281822

*Decided by Board February 10, 1978*

(1) Where a visa petition, filed prior to the commencement of deportation proceedings, to accord the respondent third-preference status, had not been approved at the time of the deportation hearing, the Board of Immigration Appeals concluded that the immigration judge was not required to continue deportation proceedings pending adjudication of respondent's visa petition by the District Director.

(2) In deciding that the respondent did not possess an approved visa petition and that, therefore, he was statutorily ineligible for adjustment of status under section 245 of the Immigration and Nationality Act, the Board of Immigration Appeals concluded that neither it nor the immigration judge had authority to determine the respondent's qualifications for third-preference status and that jurisdiction in this matter rested solely with the District Director and Regional Commissioner.

(3) Notwithstanding the amendment of section 245(a) of the Immigration and Nationality Act by Pub. L. 94-571, Immigration and Nationality Act Amendments of 1976 (October 20, 1976), and the amendment of 8 C.F.R. 245.2(a)(2) making adjustment of status contingent upon the availability of a visa on the date of *filing* rather than on the date of approval of an application, there is no absolute right to a continuance of the deportation hearing, at which adjustment is sought, to a date after the District Director has adjudicated a pending third-preference visa petition.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant student— failed to comply with conditions of status

ON BEHALF OF RESPONDENT:     ON BEHALF OF SERVICE:
Ben H. Kim, Esquire     Gerald S. Hurwitz
120 South LaSalle Street     Trial Attorney
Chicago, Illinois 60603

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated April 18, 1977, the respondent was found deportable by the immigration judge under section 241(a)(9) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(9)). The respondent was granted the privilege of voluntary departure on or before July 18, 1977. On April 28, 1977, he filed a notice of appeal. The appeal will be dismissed.

The respondent, a native and citizen of India, entered the United

449

States on January 3, 1975, as a nonimmigrant student, who was authorized to remain in the United States until January 2, 1976. He subsequently received an extension of stay until January 2, 1977. An Order to Show Cause issued on January 31, 1977, alleged that since October 25, 1976, the respondent was employed as a machine operator for a private corporation and that, therefore, he was subject to section 241(a)(9) of the Act as an alien who failed to comply with the conditions of his nonimmigrant status under which he was admitted. At his hearing, he admitted, through counsel, the factual allegations contained in the Order to Show Cause and conceded deportability. We conclude that deportability has been established by clear, convincing, and unequivocal evidence.

The facts of this case show that on December 30, 1976, the respondent petitioned the District Director for classification as a third-preference immigrant. An application for adjustment of status was filed on the same day. On April 5, 1977, the respondent filed a "notice of intent" with the District Director, stating his desire that his application as a third-preference immigrant and his application for adjustment of status be considered simultaneously under amended regulation 8 C.F.R. 245.2(a)(2).

At his hearing in deportation proceedings on March 8, 1977, the respondent applied for adjustment of status under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255). He requested that the immigration judge continue the hearing and defer consideration of his application for adjustment of status until the District Director adjudicated his visa petition. An adjournment was granted until April 18, 1977. On reconvening, the third-preference petition had not yet been approved. The immigration judge denied respondent's request for further continuance and for relief on the ground that the respondent did not have an approved visa petition and that, therefore, respondent's adjustment of status application could not be approved.

On appeal, the respondent argues that the immigration judge erred by not granting the continuance request. The respondent argues that unless the deportation proceedings are continued until the District Director adjudicates his visa petition, the amendment to 8 C.F.R. 245.2(a)(2) is rendered meaningless and serves no purpose. It also appears that by filing his "notice of intent" after January 1, 1977, the effective date of the new regulation, the respondent is claiming that his application for adjustment of status lies within the ambit of the amendment to 8 C.F.R. 245.2(a)(2).

The amendment to 8 C.F.R. 245.2(a)(2) which became effective on January 1, 1977, provides in pertinent part that:

Before an application for adjustment of status under section 245 of the Act may be considered properly filed, a visa must be immediately available. If a visa would be

450

available only upon approval of a visa petition, the application will not be considered properly filed unless such petition has first been approved. *If a visa petition is submitted simultaneously with the adjustment application, the adjustment application shall be retained for processing only if approval of the petition when reached for adjudication would make a visa immediately available at the time of filing of the adjustment application. If such petition is subsequently approved, the date of filing the adjustment application shall be deemed the date on which the accompanying petition was filed.* (Emphasis supplied.)

The regulatory history [1] reveals that this amendment and other amendments to the regulations were made necessary by the enactment into law of the Immigration and Nationality Act Amendments of 1976 (Pub. L. 94–571) on October 20, 1976. Under this law, section 245(a) of the Act was amended to provide that:

The status of an alien . . . who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully-admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is *filed.*[2] (Emphasis supplied.)

The legislative history [3] of this statute shows that, under the amendment to section 245(a) of the Act, the date that the application for adjustment of status is filed is designated as the date used in determining availability of a visa number rather than the date that the application is approved. We note that the legislative history is silent as to the reason for this amendment to section 245(a) of the Act.

The issue before us is whether or not the immigration judge is required to continue a hearing in deportation proceedings pending the adjudication of respondent's visa petition by a District Director in light of the aforementioned amendments. It is probable that the amendment to section 245.2(a)(2) of the regulations was predicated upon the amendment to section 245(a) of the Act. We find that the legislative and regulatory histories do not express the reason for the amendment.

The respondent submits that the effect of amended regulation 8 C.F.R. 245.2(a)(2) is that, once the immigration judge in a deportation

[1] 41 FR 49994, November 12, 1976.

[2] Prior to October 20, 1976, section 245 (a) of the Act provided that:
The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is approved.

[3] H.R. Rep. No. 94–1553, 94th Cong., 2nd Sess. 15 (1976); 122 Cong. Rec. Hll, 682 (1976).

proceeding becomes aware that the respondent has pending before the District Director a petition for classification as a preference immigrant filed simultaneously with an application for adjustment of status, he must adjourn the deportation proceedings until such time as the visa petition is adjudicated. We disagree that amended regulation 8 C.F.R. 245.2(a)(2) was intended to have this effect upon deportation proceedings.

We find no provision of law or regulation that gives an alien an absolute right to an adjournment of a deportation hearing in order to have his application for adjustment of status disposed of. *Matter of Ficalora*, 11 I. & N. Dec. 592 (BIA 1966); *Matter of M—*, 5 I. & N. Dec. 622 (BIA 1954).

8 C.F.R. 245.1(d) provides that an applicant for preference status such as this respondent is not eligible for the benefits of section 245 of the Act unless he is the beneficiary of a valid unexpired visa petition filed in accordance with 8 C.F.R. 204 and approved to accord him such status. 8 C.F.R. 103.1(m)(2) and (n) places the determination of whether or not an alien possesses the qualifications for third-preference status solely within the jurisdiction of the appropriate District Director and Regional Commissioner. 8 C.F.R. 242.8 does not vest in the immigration judge authority over such a question; and 8 C.F.R. 3.1(b)(5) specifically excepts appellate jurisdiction of such a question from this Board.

The respondent does not possess an approved visa petition for a third preference. Therefore, he is statutorily ineligible for adjustment of status under section 245 of the Act. Respondent's remedy lies with the District Director. There is no merit to respondent's contention that the immigration judge was required to continue deportation proceedings. The respondent has available to him the remedy of a motion to reopen should future events in connection with his visa petition render such action appropriate. See *Matter of Ching*, Interim Decision 2518 (BIA 1976); *Matter of Ficalora, supra*. The immigration judge's decision was correct. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.