## MATTER OF ZAIDAN

### In Visa Petition Revocation Proceedings

### A-24410789

*Decided by Board October 16, 1985*

(1) The parameters of the appellate jurisdiction of the Board of Immigration Appeals are circumscribed by the regulations which are set forth in 8 C.F.R. § 3.1(b) (1985).

(2) Under 8 C.F.R. § 3.1(b)(5) (1985), the Board's authority to review decisions regarding visa petition revocation is limited to that accorded by 8 C.F.R. §§ 205.1 and 205.2 (1985).

(3) Since there is no provision for appellate review when a visa petition is automatically revoked under 8 C.F.R. § 205.1 (1985), the Board lacks jurisdiction over appeals dealing with the automatic revocation of a petition.

ON BEHALF OF PETITIONER:
Rehim Babaoglu, Esquire
99 North Third Street
Memphis, Tennessee 38103

ON BEHALF OF SERVICE:
Charles Wiegand III
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The United States citizen petitioner, now deceased, applied for preference status for the beneficiary as his sister under section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(5) (1982). The petition was approved by the district director on September 18, 1980. Following the petitioner's death, the beneficiary was notified by the district director that the petition had been revoked because a favorable exercise of discretion was not warranted under 8 C.F.R. § 205.1(a)(3) (1981). The beneficiary appealed from that decision. During the pendency of the appeal, the beneficiary filed a motion requesting that the district director reconsider his decision. Without addressing the question of jurisdiction, the Board remanded the record on March 18, 1983, in order to permit the district director to consider the beneficiary's motion. In a decision dated May 31, 1983, the district director denied the motion. The beneficiary has appealed from that decision. The appeal will be dismissed for lack of jurisdiction.

The regulations provide for the automatic revocation of an approved relative visa petition under several enumerated circumstances, one of which is the death of the petitioner. *See* 8 C.F.R. § 205.1(a) (1985). An exception to automatic revocation following the death of the petitioner is permitted under 8 C.F.R. § 205.1(a)(3) (1985) when "the Attorney General in his discretion determines that for humanitarian reasons revocation would be inappropriate." In this case the district director has considered the humanitarian factors presented by the beneficiary and has concluded that revocation of the visa petition is appropriate.

The beneficiary seeks appellate review of the district director's decision, claiming that her case merits a favorable exercise of discretion. The Immigration and Naturalization Service argues, however, that the beneficiary has no standing to contest the district director's decision and that the Board lacks jurisdiction to consider the beneficiary's appeal. We agree that the Board has no jurisdiction in this case and shall dismiss the appeal on that basis.

The parameters of the Board's appellate jurisdiction are circumscribed by the regulations which are set forth in 8 C.F.R. § 3.1(b) (1985). According to 8 C.F.R. § 3.1(b)(5) (1985), an appeal will lie to the Board from "decisions revoking the approval of [relative] visa petitions, in accordance with section 205 of the act, *as provided in Parts* 204 *and* 205, respectively, of this chapter." (Emphasis added.) Our authority to review decisions regarding visa petition revocation is therefore limited to that accorded by 8 C.F.R. §§ 205.1 and 205.2 (1985).

It is specifically stated in 8 C.F.R. § 205.2 (1985) that the petitioner may appeal a decision of the district director revoking approval of a visa petition on any ground other than those listed in 8 C.F.R. § 205.1 (1985) when notice of the revocation has been given to the petitioner.[1] There is no such provision for appellate review when a petition is automatically revoked under 8 C.F.R. § 205.1 (1985). Since the Board's authority to review revocation decisions is limited to that specified in the regulations and 8 C.F.R. § 205.1 (1985) does not provide for any appeal, we conclude that the Board lacks jurisdiction over appeals dealing with the automatic revocation of a visa petition.

As the Board lacks jurisdiction over the appeal,

**IT IS ORDERED:** that the record of proceedings be returned to the local office of the Immigration and Naturalization Service without further action.

---

[1] Although the regulation refers to "any ground other than those specified in § 204.1," it is clear that the incorrect section reference is a typographical error.