## MATTER OF AURELIO

### In Exclusion Proceedings

A-38055809
A-38055810
A-38055811

*Decided by Board September 1, 1987*

(1) The immigration judges and the Board lack jurisdiction in exclusion and deportation proceedings to review a decision by the district director that revocation of a visa petition pursuant to 8 C.F.R. § 205.1(a)(3) (1987) is appropriate following the death of the petitioner.

(2) An application for a waiver of inadmissibility under section 212(k) of the Immigration and Nationality Act, 8 U.S.C. § 1182(k) (1982), may be adjudicated by an immigration judge in exclusion proceedings under 8 C.F.R. § 212.10 (1987) without adjournment of the proceedings for consideration of the application by the district director.

(3) A waiver of inadmissibility under section 212(k) of the Act was properly denied where the applicant knew about her father's death prior to issuance of her visa and failed to exercise reasonable diligence in ascertaining its effect on her immigration status.

EXCLUDABLE: Act of 1952—Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa (all applicants)

ON BEHALF OF APPLICANTS:
William F. Thompson III, Esquire
Blackfield Hawaii Building
Penthouse Suite
1221 Kapiolani Boulevard
Honolulu, Hawaii 96814

ON BEHALF OF SERVICE:
Joanna London
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated January 19, 1983, the immigration judge found the applicants excludable under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(20) (1982), as aliens not in possession of valid immigrant visas, denied their applications for waivers of inadmissibility under section 212(k) of the Act, and ordered them excluded from the United States. The appli-

cants have appealed from that decision. The appeal will be dismissed.

The applicants, all natives and citizens of the Philippines, are a family—mother, father, and son. The female applicant, the principal alien in this case, was accorded fourth-preference classification as the daughter of a United States citizen by virtue of a visa petition filed by her father and approved in December 1970. The record reflects that the applicants had a visa interview on April 3, 1979, and that their applications were referred for investigation due to a question regarding the bona fides of the marriage of the adult applicants. Their visas were eventually issued on October 26, 1982, although the female applicant's father had died more than a year before on September 12, 1981. The applicants sought admission to the United States on November 28, 1982, but were denied entry when it was determined that the female applicant's father had died and that approval of the visa petition had therefore been automatically revoked under 8 C.F.R. § 205.1(a)(2) (1982). Exclusion proceedings were subsequently initiated.

Prior to the exclusion hearing, counsel for the applicants submitted a letter to the acting district director of the Immigration and Naturalization Service requesting "revalidation" of the visa petition pursuant to 8 C.F.R. § 205.1(a)(3) (1983) or, in the alternative, a waiver of inadmissibility under section 212(k) of the Act. In a letter dated January 14, 1983, the acting district director stated that revocation of the visa petition was appropriate because the humanitarian factors involved in this case did not justify a favorable exercise of discretion. He further stated that the request for a section 212(k) waiver appeared to be without merit because the applicants failed to exercise reasonable diligence in reporting the death of the female applicant's father. In his closing paragraph the acting district director noted that the applicants could nevertheless apply for the waiver on forms which he enclosed and that, if denied, their applications could be renewed in exclusion proceedings before the immigration judge. The applicants did not file the applications with the acting district director but submitted them to the immigration judge in exclusion proceedings.

At the hearing on January 19, 1983, the immigration judge stated that he had no jurisdiction to review the acting district director's decision regarding revocation of the visa petition. However, the immigration judge accepted the section 212(k) waiver applications over the objection of the Service, concluding that, under the circumstances present in this case, he had authority to consider the waiver request without first adjourning the hearing for an adjudication by the acting district director. In his decision the immigra-

tion judge found that the female applicant could have ascertained, in the exercise of due diligence, the effect of her father's death on her eligibility for a visa. He therefore determined that her application for a waiver of inadmissibility, on which the request of the other applicants depended, should be denied. Finally, the immigration judge rejected the applicants' assertion that the Government should be estopped from denying them admission because of the claimed unreasonable delay in issuing their visas. He concluded that there was no showing of affirmative misconduct on the part of the Government because the investigation requested by the consul was not unreasonable.

On appeal the applicants argue that the immigration judge and the Board have jurisdiction to review the decision of the acting district director regarding revocation of the visa petition. They further contend that the immigration judge erred in denying their applications for a section 212(k) waiver. The Service concurs with the immigration judge's conclusion that he lacked jurisdiction on the issue of revocation but asserts that he improperly adjudicated the applicants' waiver request prior to a decision by the acting district director.

The proceedings in which visa petitions are adjudicated are separate and apart from exclusion and deportation proceedings. *See generally Matter of Umale*, 16 I&N Dec. 682 (BIA 1979). Consequently, as counsel for the applicants notes in his brief on appeal, it is well established that immigration judges have no jurisdiction to decide visa petitions, a matter which is solely within the authority of the district director. *See* 8 C.F.R. § 103.1(n) (1987); *Matter of Wiesinger*, 16 I&N Dec. 480 (BIA 1978); *Matter of Kotte*, 16 I&N Dec. 449 (BIA 1978); *Matter of Ching*, 15 I&N Dec. 772 (BIA 1976); *Matter of Grove*, 13 I&N Dec. 572 (BIA 1970); *Matter of Han*, 10 I&N Dec. 53 (BIA 1962). *See generally Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978); *Matter of Yeung*, 16 I&N Dec. 370 (BIA 1977). Similarly, the decision to revoke a visa petition also lies within the jurisdiction of the district director. *See* 8 C.F.R. § 205.2 (1987). Although the Board has authority under 8 C.F.R. § 205.2(b) (1987) to review the district director's revocation of relative visa petitions upon notice, we have recently determined that our appellate jurisdiction, which is limited by the regulations, does not extend to matters involving the automatic revocation of a visa petition. *Matter of Zaidan*, 19 I&N Dec. 297 (BIA 1985). Consequently, we concluded that we lack jurisdiction in visa petition proceedings to consider the district director's decision to revoke a visa petition following the death of the petitioner. *Id.* Inasmuch as the Board has no direct appellate jurisdiction over such matters, we find we are also

without authority in exclusion or deportation proceedings to review the district director's conclusion under 8 C.F.R. § 205.1(a)(3) (1987) that revocation is appropriate. *See Te Kuei Liu v. INS*, 645 F.2d 279 (5th Cir. 1981). Likewise, we find that the immigration judge, who has no jurisdiction whatsoever over visa petitions, properly declined to reconsider the decision of the acting district director regarding revocation of the petition in this case.

The applicants have also contested the immigration judge's denial of their section 212(k) waiver request. Since the Service has questioned the propriety of the immigration judge's adjudication of the waiver prior to a decision by the district director, we must address this jurisdictional matter first.

According to the regulations at 8 C.F.R. § 212.10 (1987), an applicant for admission may apply to the district director at the port of entry for a section 212(k) waiver and, if it is denied, the application may be renewed in exclusion proceedings before the immigration judge.[1] The Service contends that the immigration judge erred in adjudicating the applicants' waiver request where no formal decision had previously been rendered by the acting district director.

We are unpersuaded that the regulations require a decision by the district director before an immigration judge can consider a section 212(k) waiver application. The language of the regulation is directory, stating that an application *may* be submitted to the district director and be renewed before the immigration judge. It in no way precludes the initial adjudication of the application by the immigration judge.

We have previously permitted other waiver applications to be submitted initially to the immigration judge in exclusion or deportation proceedings despite the fact that the regulations provide for an adjudication by the district director and renewal of the request before the immigration judge. *See* 8 C.F.R. §§ 212.2, 235.7 (1987); *Matter of Ng*, 17 I&N Dec. 63 (BIA 1979); *Matter of Ducret*, 15 I&N Dec. 620 (BIA 1976) (permission to reapply for admission after deportation); 8 C.F.R. §§ 235.7, 242.7a (1987); *Matter of Delagadillo*, 15 I&N Dec. 395 (BIA 1975); *Matter of Salviejo*, 13 I&N Dec. 557 (BIA 1970) (waiver of documents under section 211(b) of the Act, 8 U.S.C. § 1181(b) (1982)). We also note in this regard that 8 C.F.R. § 242.8(a) (1987) gives the immigration judge authority to address a section 212(k) waiver application initially in deportation proceedings.

---

[1] We note that this regulation was published in the Federal Register on October 7, 1982, only a few months prior to the hearing in this case. *See* 47 Fed. Reg. 44,236 (1982). It appears from the record that the parties and the immigration judge were not aware of its provisions at that time.

As a matter of policy, the Service's interpretation of 8 C.F.R. § 212.10 (1987) is not in the best interest of administrative efficiency. Adjudication of a section 212(k) application by both the district director and the immigration judge after the commencement of exclusion proceedings would require a needless duplication of effort. In addition, the hearing would have to be delayed while the waiver request was forwarded to the district director for a decision, which is unnecessary in any case since the general attorney represents the district director's position in exclusion and deportation proceedings.

In this case, the acting district director had already indicated in his letter of January 14, 1983, that he considered the applicants' waiver request to be without merit. Continuing the proceedings to have the acting district director issue a formal denial of the applications would therefore have resulted in a useless delay of the hearing. Consequently, we find that the immigration judge properly adjudicated the applicants' section 212(k) waiver applications without submitting them to the acting district director first.

We now turn to the merits of the applications. Section 212(k) of the Act, under which the applicants seek a waiver of inadmissibility, provides as follows:

> Any alien, excludable from the United States under paragraph (14), (20), or (21) of subsection (a) of this section, who is in possession of an immigrant visa may, if otherwise admissible, be admitted in the discretion of the Attorney General if the Attorney General is satisfied that exclusion was not known to, and could not have been ascertained by the exercise of reasonable diligence by, the immigrant before the time of departure of the vessel or aircraft from the last port outside the United States and outside foreign contiguous territory or, in the case of an immigrant coming from foreign contiguous territory, before the time of the immigrant's application for admission.

In denying the waiver request, the immigration judge noted that the female applicant was not uneducated, that she knew she was immigrating on the basis of her father's petition, and that she was aware of her father's lengthy illness and death when applying for a visa. Based on these facts, the immigration judge determined that the female applicant should have ascertained in the exercise of reasonable diligence the impact of her father's death on her eligibility for an immigrant visa. He further concluded that a reasonable person would have realized that the death of a petitioning father would have some effect on the beneficiary's visa eligibility.

The applicants contend that the immigration judge made no findings on the issue of reasonable diligence and gave no reasons for his denial of the waiver. It is obvious from our recitation of the immigration judge's conclusions that these assertions are patently untrue. The immigration judge's decision was well reasoned and

predicated upon a general standard of reasonable diligence as well as his findings regarding the applicants' particular situation.

It is also argued in regard to the female applicant's diligence in ascertaining her inadmissibility that it would be unreasonable to assume knowledge of our immigration laws by people living in remote Philippine villages. Although the applicants undoubtedly were not familiar with the statutory and regulatory provisions of our immigration laws, we agree with the immigration judge that a reasonable person would understand that eligibility for a visa depends on the continuing existence of a relationship to the petitioning relative. It is not unreasonable to expect the beneficiary of a visa petition to realize that his immigration status would be affected by the death of the petitioning relative. Since the female applicant knew about her father's death for some time before she received her visa, she could easily have inquired about its impact on her visa application. Under the circumstances present in this case, we conclude that the female applicant failed to exercise reasonable diligence in ascertaining her admissibility to the United States as a fourth-preference immigrant. We therefore find that the immigration judge properly denied the applicants' section 212(k) waiver request. Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.