

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-2008

# Baig v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1073

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Baig v. Atty Gen USA" (2008). 2008 Decisions. Paper 361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-192                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1073

———————

MIRZA TALIB BAIG,
                                                    Petitioner
                              v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                                Respondent

———————

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A79-732-469
Immigration Judge: Rosalind K. Malloy

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2008

Before:  SLOVITER, STAPLETON AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 15, 2008)

———————

OPINION

———————

PER CURIAM

        Petitioner Mirza Talib Baig, a native of Iraq and citizen of Pakistan, seeks review

of an order by the Board of Immigration Appeals, dismissing his appeal of the

Immigration Judge's order denying his motion to reopen.  Finding no error, we will deny

the petition for review.

Baig was admitted into the United States at Anchorage, Alaska on or about April 27, 2002 as a nonimmigrant visitor (B-2) with authorization to remain until October 20, 2002. He overstayed and admittedly is removable, at a minimum, under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), because he remained in the United States for a time longer than permitted.[1] Baig initially requested asylum, withholding of removal and relief under the Convention Against Torture; however, he subsequently withdrew those applications and was granted voluntary departure on August 18, 2006. An alternate order of removal was entered. On November 16, 2006, Baig filed a motion to reopen with the Immigration Court, requesting that his case be reopened for the purpose of applying for adjustment of status based on his marriage to a United States citizen, who had filed a Petition for Alien Relative (Form I-130) on his behalf.

The Department of Homeland Security ("DHS") opposed the motion on or about December 4, 2006 on the ground that a previous wife had also filed a relative petition on Baig's behalf. The prior relative petition had been denied, on July 29, 2004, based upon a finding by Citizenship and Immigration Services ("USCIS") that the marriage was entered into fraudulently and solely to obtain immigration benefits. Based on Baig's marital history, DHS contended that it was highly unlikely that his new Form I-130 would be approved, see 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if (1) the alien has

---

[1] Baig was placed in removal proceedings by a Notice to Appear which was served on him on September 8, 2003.

previously ... sought to be accorded an immediate relative or preference status as the spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws"). The USCIS decision and written explanation was submitted as evidence by DHS. A.R. 201-02.

On December 8, 2006, the Immigration Judge denied Baig's motion to reopen without explanation. Baig timely appealed to the Board of Immigration Appeals, and DHS opposed the appeal. On December 14, 2007, the Board dismissed the appeal, concluding that DHS' opposition to the motion mandated denial, and, further, Baig had failed to present a prima facie case establishing a *bona fide* marriage as required by 8 C.F.R. § 204.2(a)(1)(iii)(B) and In re: Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002). This timely petition for review followed.

We will deny the petition for review. We have jurisdiction to review the Board's decision under 8 U.S.C. § 1252(a). Where, as here, the Board issues a decision on the merits, we review the Board's, and not the IJ's, decision. Lie v. Ashcroft, 396 F.3d 530, 534 n.3 (3d Cir. 2005); Abdulai v. Ashcroft, 239 F.3d 542, 548-49 (3d Cir. 2001). When a motion to reopen is denied on the ground that the alien failed to demonstrate prima facie eligibility for the substantive relief sought, we review for abuse of discretion. See, e.g., Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this standard, we will reverse the Board's decision only if it is arbitrary, irrational, or contrary to law. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). The prima facie standard

3

for a motion to reopen requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief.  See Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002).

The Board did not abuse its discretion in concluding that Baig failed to present in his motion a prima facie case establishing that his second marriage to a United States citizen was *bona fide*.  Under Board precedent, a properly filed motion to reopen for adjustment of status based on a marriage entered into after the commencement of removal proceedings may be granted, notwithstanding the pendency of visa petition, if:

> (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by Matter of Shaar . . . or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) [DHS] either does not oppose the motion or bases its opposition solely on Matter of Arthur.

Velarde-Pacheco, 23 I. & N. Dec. at 256.

Baig had an opportunity to present evidence that his second marriage was *bona fide*, and he failed to do so.  The materials he submitted, including a copy of his marriage certificate, copies of his and his wife's passports, copies of their birth certificates, a copy of his divorce decree, and a letter confirming his employment establish only the existence of a marriage.  This evidence is not probative of the motivation for the marriage, and it is thus not probative of the *bona fides* of the marriage.  See Malhi v. Immigration & Naturalization Serv., 336 F.3d 989, 994 (9th Cir. 2003).[2]  Baig submitted no evidence

_____

[2] Materials which may demonstrate that a marriage is *bona fide* include: (1) documentation showing joint ownership of property; (2) a lease showing joint tenancy of

4

whatever that his second marriage to a United States citizen was *bona fide*, let alone

"clear and convincing evidence," as required by Velarde-Pacheco, 23 I. & N. Dec. at 256.

Furthermore, we reject his assertion on appeal that the Board impermissibly engaged in

fact finding.[3] The Board properly considered the materials in the record in assessing

whether the evidence submitted by Baig with his motion to reopen complied with the

standards set forth in Velarde-Pacheco for motions seeking adjustment of status based on

a recent marriage to a United States citizen.

The Board also did not abuse its discretion in denying Baig's motion to reopen on

the ground that it was opposed by DHS on substantive grounds (that is, on the ground that

his first marriage was found to have been entered into for the purpose of evading the

immigration laws of the United States, 8 U.S.C. § 1154(c)). Under Velarde-Pacheco, a

motion to reopen based on a marriage entered into after the commencement of removal

proceedings cannot be granted if it is opposed by DHS. See Bhiski v. Ashcroft, 373 F.3d

363, 371-72 (3d Cir. 2004) ("As long as [DHS] opposes the motion on non- *Matter of*

*Arthur* grounds, the alien does not fall within the exception carved out by *Matter of*

_____

a common residence; (3) evidence of commingling of financial resources; (4) birth certificates of children born to the petitioner and beneficiary; (5) affidavits of third parties having knowledge of the *bona fides* of the marital relationship; and (6) any other documentation which is relevant to establish that the marriage was not entered into in order to evade the immigration laws of the United States. 8 C.F.R. § 204.2(a)(1)(i)(B).

[3] Except for taking administrative notice of commonly known facts, the Board may not engage in fact finding in the course of deciding appeals. 8 C.F.R. §1003.1(d)(3)(iv). Findings of fact made by an Immigration Judges are reviewed only for clear error. Id. at § 1003.1(d)(3)(i).

*Velarde-Pacheco*"). Here, DHS objected to the motion on non-Arthur grounds. We will not consider Baig's contention that DHS' opposition to his motion was untimely by as much as a week (and thus his motion should be deemed unopposed), because he did not raise this contention concerning a failure to comply with the Immigration Court's local rules either with the IJ or the Board. See 8 U.S.C. § 1252(d)(1) (alien must exhaust administrative remedies available as of right).

Baig's final argument is similarly unavailing. He contends that he should have been provided with an opportunity to challenge in Immigration Court the July 2004 USCIS finding that his first marriage was fraudulently entered into, but the IJ had no authority to entertain a collateral challenge to the District Director's determination. 8 U.S.C. § 1154; 8 C.F.R. § 204.1(e)(1); see also Matter of Aurelio, 19 I. & N. Dec. 458, 460 (BIA 1987) (immigration judges have no jurisdiction to decide visa petition as this matter is solely within authority of district director); cf. Bhiski, 373 F.3d at 371 (courts do not have jurisdiction to investigate good faith validity of DHS' opposition to motion to reopen brought under *Velarde-Pacheco*). Baig's first United States citizen wife did not appeal the denial of the Form I-130 visa petition she filed on his behalf, and the IJ could not reconsider the merits of that petition at Baig's request.

For the foregoing reasons, we will deny the petition for review.