**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1151**

JOHN ASSIFUAH,

          Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: July 13, 2010         Decided: July 23, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Oscar L. Amorow, AMOROW & TACHIE-MENSON, PA, Hyattsville, Maryland, for Petitioner. Tony West, Assistant Attorney General, Mark C. Walters, Senior Litigation Counsel, Aaron R. Petty, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Assifuah, a native and citizen of Ghana, petitions for review an order of the Board of Immigration Appeals ("Board") dismissing the appeal from the immigration judge's order denying the motion for a continuance and granting voluntary departure with an alternate order of removal. We deny the petition for review.

Under 8 C.F.R. § 1003.29 (2010), the immigration judge may grant a continuance for good cause shown. See Jean v. Gonzales, 435 F.3d 475, 483 (4th Cir. 2006). The immigration judge's refusal to grant a continuance is thus subject to review for abuse of discretion. Onyeme v. INS, 146 F.3d 227, 231 (4th Cir. 1998). Alleged errors of law are reviewed de novo. Mirasawo v. Holder, 599 F.3d 391, 397 (4th Cir. 2010). Immigration judges have no authority to decide visa petitions. That authority rests with the District Director of the United States Citizenship and Immigration Services ("USCIS"). See Matter of Hashmi, 24 I. & N. Dec. 785, 789-90 (BIA 2009) (describing process to continue a removal proceeding for the purpose of seeking adjustment of status); Matter of Aurelio, 19 I. & N. Dec. 458, 460 (BIA 1987). When deciding a motion to continue for the purpose of allowing for a visa petition to be adjudicated by the USCIS, the immigration judge's discretion should be favorably exercised if the alien establishes a prima

2

facie approvable visa petition.  <u>Hashmi</u>, 24 I. & N. Dec. at 790. However, the immigration judge is not required to grant a continuance if it is found that the application for adjustment of status would be denied as an exercise of discretion.  <u>Onyeme</u>, 146 F.3d at 233.   The immigration judge may also consider visa petitions that have been previously denied.  <u>Hashmi</u>, 24 I. & N. Dec. at 792.  "[E]vidence of potential fraud or dilatory tactics may impact the viability of the visa petition underlying the motion [for a continuance]."  <u>Id.</u>

We hold there was no error of law by the immigration judge or the Board in the consideration of Assifuah's motion for a continuance.  We also hold that the immigration judge's denial of a continuance was not an abuse of discretion.  Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>