**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FELIX MACADAEG EDRALIN; et al., | No. 07-72181 |
| Petitioners, | Agency Nos. A045-476-297 |
| v. | A045-476-298 |
| | A045-476-299 |
| | A045-476-300 |
| ERIC H. HOLDER, Jr., Attorney General, | A045-476-301 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 18, 2011
San Francisco, California

Before: WALLACE, NOONAN, and CLIFTON, Circuit Judges.

Petitioners seek review of the BIA's denial of their request for a waiver of

inadmissibility under the Immigration and Nationality Act for failing to make a

reasonably diligent effort to ascertain their inadmissibility. INA § 212(k),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

8 U.S.C. § 1182(k). We grant the petition for review and remand for reconsideration.

We have jurisdiction to review the reasonable diligence determination required by INA § 212(k). Section 212(k) grants the Attorney General discretion to grant or deny a waiver of inadmissibility when an applicant has met all of the eligibility criteria. *See Nakamoto v. Ashcroft*, 363 F.3d 874, 880-81 (9th Cir. 2004) (holding that the decision is "entirely discretionary" when the Attorney General can deny relief, even if an alien satisfies the statutory requirements). While we are unable to review entirely discretionary decisions under 8 U.S.C. § 1252(a)(2)(B)(ii), we have established that when the INA specifies that an overall decision is discretionary, this court retains jurisdiction to review any non-discretionary eligibility criteria involved in that decision. *Kalaw v. INS*, 133 F.3d 1146, 1150 (9th Cir. 1997). Whether an applicant exercised reasonable diligence in ascertaining his inadmissibility under § 212(k) is such a non-discretionary eligibility criterion. *See Kyong Ho Shin v. Holder*, 607 F.3d 1213, 1219 (9th Cir. 2010) (reviewing threshold eligibility requirements for a § 212(k) waiver). Accordingly, we have jurisdiction to review that criterion.

The § 212(k) waiver is available to persons whose immigrant visas were not valid at the time of entry and who were admissible under § 212(a)(5)(A) or

2

§ 212(a)(7)(A)(i) of the INA. 8 U.S.C. § 1182(k). The applicant must show that he did not know that he was inadmissible at the time of entry and that he could not have discovered his admissibility through the exercise of reasonable diligence. *Id.*

Whether an applicant has exercised reasonable diligence in ascertaining his inadmissibility is a factual determination. *See Matter of Aurelio*, 19 I. & N. Dec. 458 (BIA 1987) (reviewing a § 212(k) reasonable diligence determination as a factual finding). Here, the IJ found that the Edralins did not intend to mislead the government and that it was not reasonable to expect them to inquire about the potential impact of the death of their sponsor. The BIA reviews factual findings by the IJ under the clearly erroneous standard. 8 C.F.R. § 1003.1(d)(3)(i). Rather than review these factual findings by the IJ for clear error, the BIA ignored them and substituted its own. This was error. *See Brazilien v. Holder*, 569 F.3d 403, 414 (9th Cir. 2009) (reversing BIA decision because the BIA failed to apply the clearly erroneous standard of review to IJ's factual findings regarding persecution on the basis of political opinion). By failing to apply the clearly erroneous standard, the BIA violated its own regulation. 8 C.F.R. § 1003.1(d)(3)(i); *In re S-H-*, I. & N. Dec. 462, 464 (BIA 2002) ("[T]he Board must defer to the factual determinations of an Immigration Judge in the absence of clear error.").

The petition is GRANTED and REMANDED for further proceedings consistent with this disposition.

4